THOMAS KEATING V. THE MICHIGAN CENTRAL RAILROAD COMPANY.

[See 94 Mich. 219.]

*Master and servant—Negligence—Scope of employment.*

Where a servant of a railroad company, who is in charge of one of its gravel trains, advises a boy of tender years, whom he has invited to ride upon the train, and who is at the time the advice is given sitting beside the track with the servant, to get

upon an approaching train belonging to the same company, which is to pass the home of the boy, to which he has expressed a desire to return, the company is not liable for injuries to the boy consequent upon his following said advice, the same being outside of the servant's employment, and in no way connected with or relating to the business in which he is at the time engaged.

Error to Ingham. (Person, J.) Submitted on briefs June 23, 1893. Decided October 13, 1893.

Negligence case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Black & Dodge,* for appellant.

*M. V. & R. A. Montgomery,* for defendant.

MONTGOMERY, J. This is an action for personal injuries, by which the plaintiff lost one foot and received serious injuries to the other. At the time of the alleged injury plaintiff was about seven years of age. The injury consisted in being run over by a car of the defendant company, the crushing of an ankle, requiring amputation of that leg, and an injury to the heel of the other foot.

The injury occurred in the city of Lansing, near the passenger depot of defendant at that place. The defendant's main track runs north and south past the station. To the west of the main line was a side track in the process of construction, upon which defendant had a number of men at work. The plaintiff lived with his father and mother about four rods west of the side track. On the day of the injury, defendant, while engaged in putting in the side track west of its main track, was drawing sand and gravel with a gravel train in charge of one Harris and one Conners. In the morning the train had stopped in front of plaintiff's father's house, and Conners had taken plaintiff on the train with him. At noon plaintiff went home with some of the men who worked on the

gravel train and boarded with his father. Conners told him to come back in the afternoon, and he would give him a ride. After dinner he went back to where the men were working. He carried water for the men, and the workmen took him and another boy on the train with them to the place from which they got their gravel. The gravel was unloaded on the west side of the main track, and then the gravel train was backed upon a side track to the east of the main track. Conners and the plaintiff, between 3 and 4 o'clock, were sitting on some ties by the side of the track, looking at the men, and just then a freight train of the defendant was seen coming down the main track from the north. The plaintiff told Conners that he was hungry, and wanted to go home, and Conners said, "Here comes this freight train; you can get on that. It will go slow by the house, and you can jump off." The plaintiff stayed there until the train came along, and Conners then said to him, "Get on the back car,—caboose." When Conners told him to get on the caboose, the plaintiff was about 10 feet from it. The brakemen and shovelers were standing around within hearing. The plaintiff went over and got upon the gravel which had just been thrown off from the gravel train, and which was piled about two feet high, and when the car (caboose) came by he reached up, and caught it, and, when reaching out, the gravel slipped from under him, and he slid down between the wheels of the forward truck, and received the injury for which he seeks to recover.

The question of first importance is whether the defendant is shown to be guilty of actionable negligence. It is the theory of the plaintiff that the injury was caused by the neglect of defendant's agents to prevent the plaintiff from coming upon its grounds; and, secondly, in not using ordinary care when he was upon such grounds, and in a place of danger, to prevent his injury. As preliminary to

a correct application of the principles involved, it is important to ascertain the proximate cause of the injury, and to determine whether this consisted of a negligent or wrongful act of any servant of the defendant while in the line of his employment. It is clear that the plaintiff did not receive his injury because of being permitted to be on defendant's grounds, or because defendant's agents, while acting within the scope of their employment, failed to prevent him from getting into a dangerous position. The record shows that the boy was in no danger until directed by Conners to board the moving train. There is nothing to show that he would have received this injury, or any other, from being on the gravel bed between the tracks. The injury occurred because of his attempt to catch hold of and mount a moving car. To this act he was led by the direction of Conners, and because of this act he was injured. Can it be said that Conners was in the line of his duty, or acting within the scope of his employment, in the direction which he gave? No act required of him as foreman or agent of the defendant, no act done or thing omitted by him, or by the other servants of the company, in the prosecution of their work, caused plaintiff's injury. Neither the condition of the work, nor the manner of its doing, was the cause of the accident. To construct the side track was within the scope of Conners' employment, and doubtless any injury inflicted upon the plaintiff recklessly or negligently, in connection with any service which he was performing for the company, might be redressed in an action against the principal; but the principal is not responsible for bad advice by its road-master or servants, whose duties do not include the giving of counsel or advice generally, and when such advice relates to the conduct of another not connected with or relating to the business with which the servant is at the time connected. In this case the management of the train by the instrumentality of

which plaintiff was injured was entirely foreign to the employment of the servant Conners.

The case differs in no respect from what it would be if the train inflicting the injury had been upon the track of, and in charge of the servants of, another company. To justify a recovery in either case, because of the act of the trainmen in charge of the freight train, it would be essential to show that the servants in charge of that train were guilty of some negligence. This, of course, could not be done under the circumstances of this case; hence the company running that train would not be liable. Further, in determining whether this was in the line of Conners' employment, the fact that the reckless act induced by his advice was the boarding of a moving train of cars with which he had nothing to do, and with the control of which he had not been intrusted, puts no different phase on his act than would be present in case any equally reckless conduct had been advised, although such conduct had no relation to the trains of defendant. Suppose that Conners had advised plaintiff to grasp a live electric wire, or to embark in dangerous waters in a frail skiff, would the railroad company, because Conners was employed to grade this side track, and because the advice was given while the boy was on the company's grounds, be answerable for the wrong? We think not. The act was the act of Conners alone, outside of every requirement of his duty. If the plaintiff's testimony presents the true state of facts, Conners was guilty of surprising recklessness, little less blamable than would have been the act of pushing the boy towards or under the passing car; but, as the act was disconnected from any duty that he was performing for the railroad, there was no liability on its part for the resulting injury. See Chillicothe v. Raynard, 80 Mo. 185.

This case does not involve, as we view it, the same principle which has been applied in the class of cases, some of

which are cited by plaintiff's counsel,[1] where injury has resulted from leaving a dangerous substance exposed, or leaving a pitfall for others, or leaving dangerous machinery in a position where children, acting upon childish instincts, have attempted its use to their injury. These cases, of which *Powers v. Harlow,* 53 Mich. 507, is an illustration, are distinguishable. Here there was no fault in the management of the train. The passing of the train was a condition, Conners' wrongful advice the cause, of the injury. Nor do the cases which hold that the servant in charge of machinery, after discovery of the presence of another, though he be a trespasser, is bound to use precautions to prevent any injury, apply, if we are correct in holding that the proximate cause of the injury was not any fault of the agents of the defendant in charge of the freight train, but the wrongful and negligent act of Conners, outside the scope of his employment.

The judgment will be affirmed.

The other Justices concurred.

---

[1] Counsel cited: *Lynch v. Nurdin,* 1 Q. B. 29; *Powers v. Harlow,* 53 Mich. 507; *Birge v. Gardiner,* 19 Conn. 507; *Keffe v. Railway Co.,* 21 Minn. 207; *Railroad Co. v. Stout,* 17 Wall. 657.