PATRICK H. BOWLER *vs.* DANIEL O'CONNELL & another.

Hampden.    September 25, 1894. — October 24, 1894.

Present: ALLEN, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Master and Servant — Negligence — Act done by a Servant not as a Means or for the Purpose of performing the Master's Work.*

An act done by a servant while engaged in his master's work, but not done as a means or for the purpose of performing that work, is not to be deemed the act of the master; and a person who is injured by such act, even if a negligent one, cannot recover damages of the master therefor.

TORT, for personal injuries occasioned to the plaintiff by being kicked by a colt belonging to the defendants.    At the trial in the Superior Court, before *Mason*, C. J., the jury returned a verdict for the plaintiff; and the defendants alleged exceptions. The material facts appear in the opinion.

*G. D. Robinson,* (*T. B. O'Donnell* with him,) for the defendants.

*W. H. Brooks,* for the plaintiff.

ALLEN, J.    In determining the legal question which is presented, we must assume that the jury adopted the plaintiff's view as to the circumstances attending the accident, and the testimony in contradiction thereof may be disregarded.    With reference to this aspect of the case, the defendants asked an instruction to the jury that they were not responsible for the acts of Frank O'Connell, who was thirteen years of age and the son of one of the defendants, in his invitation to the plaintiff to take a ride upon the colt.    The jury, however, were instructed that, if Frank O'Connell was the servant of the defendants in leading the colt from the stable to the defendants' yard, and while so leading the colt the plaintiff, who was between five and six years of age, was invited by Frank to ride, and was injured as he was going forward to accept the invitation, it would be competent for the jury to find that such invitation was within the scope of the employment of Frank; and again, that if, while Frank was leading the colt along or across the sidewalk or in the yard of the defendants, as the servant of the defendants, and, while so leading the colt in the line of his duty, he of

his own accord, and without the knowledge or authority of or direction from the defendants, invited the plaintiff to ride upon the horse, and while the plaintiff was attempting to go forward to accept the invitation of Frank he was injured, it was competent for the jury to find the action of Frank to be negligent, and such negligence to be within the scope of his employment.

The correctness of these instructions is to be determined with reference to the testimony in the case. The colt, it would seem, was about two years and nine months old. It was not harnessed into a wagon, but the boy Frank, who must be assumed to have been in the defendants' employment, was leading it from the watering tub to his stall, or to some other place. The defendants were contractors and excavators, and owned many teams. There was nothing to show that it was any part of their business, or that it was their habit or custom, to furnish horses or colts to ride, or to allow boys to ride upon them, or that they in any way ever authorized or permitted Frank to do this. Under this state of things, we are unable to see how the invitation by Frank to the plaintiff to ride upon the colt, although given while Frank was engaged in his employment, can be considered to be an act done in the course of such employment, or for the purpose of doing the business of his masters. The true test of liability on the part of the defendants is this. Was the invitation given in the course of doing their work, or for the purpose of accomplishing it? Was this act done for the purpose, or as a means, of doing what Frank was employed to do? If not, then in respect to that act he was not in the course of the defendants' business.

An act done by a servant while engaged in his master's work, but not done as a means or for the purpose of performing that work, is not to be deemed the act of the master. And under this rule, in view of the testimony, the defendants were not responsible for the consequences of Frank's invitation to the plaintiff to ride upon the colt. *Howe* v. *Newmarch,* 12 Allen, 49. *Hawks* v. *Charlemont,* 107 Mass. 414. *Hawes* v. *Knowles,* 114 Mass. 518. *Levi* v. *Brooks,* 121 Mass. 501. *George* v. *Gobey,* 128 Mass. 289, 290. *Wallace* v. *Merrimack River Navigation & Express Co.* 134 Mass. 95. *Walton* v. *New York Central Sleeping Car Co.* 139 Mass. 556. *Young* v. *South Boston*

*Ice Co.* 150 Mass. 527.    *Mitchell* v. *Crassweller*, 13 C. B. 237.
*Croft* v. *Alison*, 4 B. & Ald. 590.    *Limpus* v. *London General
Omnibus Co.* 1 H. & C. 526.    *Barwick* v. *English Joint Stock
Bank*, L. R. 2 Ex. 259, 265.    *Storey* v. *Ashton*, L. R. 4 Q. B.
476.    *British Mutual Banking Co.* v. *Charnwood Forest Rail-
way*, 18 Q. B. D. 714.    *Snyder* v. *Hannibal & St. Joseph Rail-
road*, 60 Mo. 413, 419.    *Morier* v. *St. Paul, Minneapolis, &
Manitoba Railway*, 31 Minn. 351.    *Davis* v. *Houghtellin*, 33
Neb. 582.

There may be cases where injuries result from accepting
unauthorized invitations to ride which do not fall within the
above rule, and are to be distinguished.    Such cases may be
found in the books, and need not be considered here, the cir-
cumstances being different.

Under the circumstances disclosed in the present case, it was
not competent for the jury to find that the invitation given to
the plaintiff to ride was within the scope of Frank's employ-
ment, and for this reason there must be a new trial.

*Exceptions sustained.*