## WILLIAM DRISCOLL *vs.* DAVID SCANLON.

Suffolk.    January 13, 1896. — February 28, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Personal Injuries — Servant not acting within Scope of his Employment — Negligence.*

If a driver of a cart invites an infant to drive with him, either for pleasure or to take his place in driving while he sleeps, and the infant falls from the cart and is run over by it, the act is outside the driver's authority and his master is not liable to the infant.

TORT for personal injuries occasioned to the plaintiff by the alleged negligence of the defendant's servant. Trial in the Superior Court, before *Sherman,* J., who directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*E. O. Achorn,* for the plaintiff.

*O. A. Galvin, (J. F. Sweeney* with him,) for the defendant.

HOLMES, J. This is an action for personal injuries. The plaintiff was a boy of nine. He was invited to drive upon a dump cart drawn by two horses belonging to the defendant, and driven by the defendant's son, who was employed by him as a teamster. The plaintiff got upon the cart, and soon was asked by the driver to take the reins, which he did. The driver went to sleep, one of the reins was dropped by the plaintiff, and in trying to catch it he fell off and was hurt. The case is here on exceptions to a ruling that the plaintiff could not recover.

We are of opinion that the ruling was right. It was not within the scope of the employment of the driver of the dump cart to invite persons to drive upon it for their pleasure. *Bowler* v. *O'Connell,* 162 Mass. 319. *Powers* v. *Boston & Maine Railroad,* 153 Mass. 188, 190. He had equally little authority to invite them to take his place in performing what was a personal trust. See *Gwilliam* v. *Twist,* [1895] 2 Q. B. 84, 86.

It was argued that we might look only to the later moment when the plaintiff was under the wheels, that it did not matter how he got there, and that the defendant was liable for running over the plaintiff, if he would have been in case his cart had

run over a third person when his driver was asleep. But it does make all the difference in the world how the plaintiff got under the wheels. The defendant was not bound to expect or look out for people falling from his cart, where they had no business to be, and persons who got into it took the risk of what might happen as against him. The driver's slumber was so intimately connected with the unauthorized act that it is impossible to separate the two. The driver would not have been asleep and the plaintiff would not have fallen but for the driver's unauthorized act, and if the plaintiff had not been driving. The plaintiff does not stand in the same position as if he had been run over when crossing the road. The case is not affected by the fact that the plaintiff is a child. *Bowler* v. *O'Connell, ubi supra.* See *Daniels* v. *New York & New England Railroad,* 154 Mass. 349.                    *Exceptions overruled.*