SCHULWITZ *v.* DELTA LUMBER CO.

NEGLIGENCE OF SERVANT — LIABILITY OF MASTER — SCOPE OF EMPLOYMENT.

> A master is not liable for the negligence of his servant in permitting a boy, contrary to the master's orders, to ride upon a wagon provided for the servant's use in hauling lumber, such act not being within the scope of the servant's employment.

Error to Wayne; Lillibridge, J. Submitted April 3, 1901. Decided May 7, 1901.

Case by Cordy Schulwitz, by next friend, against the Delta Lumber Company, for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Edward S. Grece* and *Franklin P. Monfort,* for appellant:

In support of the liability of defendant, counsel cited: *Schulte* v. *Holliday,* 54 Mich. 73 (19 N. W. 752); *Hughes* v. *Railway Co.,* 78 Mich. 399 (44 N. W. 396); *Jackson* v. *Railway Co.,* 74 Minn. 48 (76 N. W. 956, 5 Am. Neg. Rep. 47); *Railway Co.* v. *Rodgers,* (Tex. Civ. App.) 39 S. W. 383, 1 Am. Neg. Rep. 708; *Biggs* v. *Barb-Wire Co.,* 60 Kan. 217 (56 Pac. 4, 5 Am. Neg. Rep. 335); *Price* v. *Water Co.,* 58 Kan. 551 (50 Pac. 450, 62 Am. St. Rep. 625, 3 Am. Neg. Rep. 392); *Geraty* v. *Ice Co.,* 44 N. Y. Supp. 659, 2 Am. Neg. Rep. 624; *McCauley* v. *Hutkoff,* 45 N. Y. Supp. 85, 2 Am. Neg. Rep. 772; *McCann* v. *Traction Co.,* 59 N. J. Law, 481 (36 Atl. 888, 1 Am. Neg. Rep. 478); *Gahagan* v. *Aermotor Co.,* 67 Minn. 252 (69 N. W. 914, 1 Am. Neg. Rep. 92); *Keep* v. *Walsh,* 44 N. Y. Supp. 944, 2 Am. Neg. Rep. 763; *Camp* v. *Hall,* 39 Fla. 535 (22 South. 792, 3 Am. Neg. Rep. 351).

*Geer & Williams,* for appellee:

Counsel cited, to the contrary: *Snyder* v. *Railroad Co.*, 60 Mo. 413; *Flower* v. *Railroad Co.*, 69 Pa. St. 210 (8 Am. Rep. 251); *Stone* v. *Hills*, 45 Conn. 47 (29 Am. Rep. 635); *Railway Co.* v. *Bolling*, 59 Ark. 395 (27 S. W. 492, 43 Am. St. Rep. 38); *Bowler* v. *O'Connell*, 162 Mass. 319 (38 N. E. 498, 44 Am. St. Rep. 359); *Driscoll* v. *Scanlon*, 165 Mass. 348 (43 N. E. 100, 52 Am. St. Rep. 523); *Eaton* v. *Railroad Co.*, 57 N. Y. 382 (15 Am. Rep. 513); *Wilton* v. *Railroad Co.*, 107 Mass. 108 (9 Am. Rep. 11); *Powers* v. *Railroad Co.*, 153 Mass. 188 (26 N. E. 446).

LONG, J.   This action is brought to recover damages for an injury which it is claimed was caused by the negligence of the defendant company.   It appears that in September, 1894, a teamster of defendant was hauling a load for defendant on the Gratiot road, in Macomb county. When near the plaintiff's home, he saw plaintiff, a boy about 7 years old, and inquired of him where the Mills place was.   Mills place was where the lumber was to be delivered.   The boy showed the driver the place, which was about 80 rods from plaintiff's home.   When opposite the place of delivery, the driver placed some rails in a ditch over which he was to drive to enter the place, and drove across.   After unloading the lumber he turned his team about, and stopped just inside the ditch, and went back where he had left the lumber.   In the meantime the plaintiff had climbed upon the wagon, and sat upon the bolster, with his back towards the horses, and his arm around a stake which was at the end of the bolster.   The driver returned and seated himself upon the hounds of the wagon, near the boy, and spoke to his team to get up, when they gave a jump as they crossed the ditch, jolting the wagon and loosening the stake to which the plaintiff was holding.   His leg became entangled in the spokes of the wheel, severely injuring and breaking it.   The action is brought against the defendant company to recover damages, claiming that the negligence of the teamster in permitting the boy to ride upon the wagon may be imputed to the company.   It is conceded by coun-

sel for plaintiff that the teamster had been told by the defendant company not to allow children to ride upon his wagon, whether loaded or unloaded. The court below directed a verdict in favor of the defendant. Plaintiff brings error.

We think the court below was not in error in so directing the verdict. Even if the driver had invited the boy to ride, the defendant could not be made liable. The case falls directly within the rule laid down by this court in *Keating* v. *Railroad Co.*, 97 Mich. 154 (56 N. W. 346, 37 Am. St. Rep. 328).

The judgment is affirmed.

The other Justices concurred.