MAHLER *v.* STOTT.

NEGLIGENCE OF EMPLOYÉ—MASTER'S LIABILITY.

The owner of a delivery wagon is not liable for the negligence of his teamster in permitting a boy to ride thereon, to his resulting injury, the owner having forbidden the teamster to allow boys to ride, and precedent knowledge of the violation of his instruction not being brought home to him.

Error to Wayne; Carpenter, J. Submitted February 20, 1902. Decided March 4, 1902.

Case by William Mahler, an infant, by William Look, his next friend, against David Stott, for personal injuries.

From a judgment for defendant on verdict directed by the court, plaintiff brings error.    Affirmed.

*William Look*, for appellant.

*Keena & Lightner*, for appellee.

MOORE, J.    After a jury was impaneled in this case, the following occurred:

"By agreement of counsel, Mr. Chipman, for plaintiff, made the following statement of facts, with the understanding that the statement should stand in place of testimony, as being the case which the plaintiff made:

"*Mr. Chipman:* If the Court Please, and Gentlemen of the Jury: In the summer of 1897, during the vacation time, a number of little boys one morning went on Humboldt avenue, a street in this city which runs north and south, near the corner of Linden street, which runs east and west. About that time a wagon owned by Mr. Stott, the defendant in the case, and driven by one of his teamsters, was going in a southerly direction down Humboldt avenue. After the wagon had proceeded a little distance south of Linden street, this little boy, the plaintiff here, who was with some of his companions, asked the driver if they might get on and have a ride. The driver motioned with his head for them to get on, and they immediately climbed onto the wagon, and seated themselves, the wagon being loaded with flour. After they had gotten on, the driver said to this boy, and to another boy, who was his companion, to put the kids off, and by the ' kids' he meant small boys, much smaller than these were; and, after having said that, he let the two I speak of—the plaintiff and the other boy—stay upon the wagon while it proceeded in a southerly direction down Humboldt avenue to the corner of Magnolia street, which runs east and west. The wagon was turned to the west on Magnolia street, and was proceeding along in the ordinary way, the boy sitting on the wagon, until they got to about the middle of that block between Humboldt and Sullivan, on Magnolia. At that point the driver struck the horses with the lines, the horses started up, and threw this little fellow out. In some manner he got under the wheels of the truck, and was very severely injured.

"We will show you that, at the time, this wagon was

employed in the business of the defendant, Stott, who is in the milling business, and owns a large mill up on Grand River avenue; that the wagon was proceeding in a general southwest direction for the purpose of delivering a load of flour to somebody on Michigan avenue; that this teamster had at other times previous to this allowed these boys to ride on this truck; that they were in the habit when this team came by, with this particular driver, of jumping on and taking a ride. We will show that Mr. Stott, the defendant in the case, had frequently, or at least upon several occasions, told this man he could not allow boys to ride on the truck,—told he did not want boys to ride on the truck,—but that he had continued to keep the man in his employ in spite of these warnings, and in spite of the fact that he knew he had allowed boys to ride on the truck, and the inevitable finally happened; he allowed the boys to ride on until this little boy was severely injured.

" Our claim is this: That neither Mr. Stott nor his servant, the driver, had any right to allow a little boy of that size—smaller than he is now by some three or four years —to get upon this truck and ride in a dangerous position. We claim that that was negligence; that it was something they had no right to do; that it was their duty to stop the truck after the boy was on, and let him get off, and go about his business; and if, on the contrary, he was on the ground, they had no right to allow him to get on the truck at all, and when they did this thing they were negligent in permitting him to get on; and we claim, as a matter of law, that having done this, and the boy having been injured through the negligence of this driver, under his master, Stott, that the boy is entitled to recover such damages as you in your wisdom shall think he is entitled to. I am asked to state a little more fully that this boy had ridden on perhaps half a dozen occasions before with this same driver, by invitation and permission, and on the same truck, and under about the same conditions as stated here on the occasion when he was injured.

" The Court: Will you show that after Mr. Stott told this driver not to permit boys to ride there, that he had any information that his instruction was disregarded, between that time and the time of the injury to the plaintiff ?

" Mr. Chipman: I don't know that I can. I only know that I can show that Mr. Stott claimed he repeatedly warned this man not to allow children to ride, that

it was dangerous, and for that reason that he did not want him to permit any children to be about that truck; and he told him also, if children got on, to stop the truck and put them off and keep them off. That I understand was his warning to this driver; but as to whether we can show that that was done immediately prior to the injury, I do not know. I don't know that I can even fix the date as to that; but we can show that he did it on a number of occasions, and that the man disregarded his warning, and kept on permitting the boys to ride, and finally the boy was injured. Of course, as to the remoteness of the date or contiguity of the warning to the time of the injury, I cannot say how near that was, because witnesses forget. This injury occurred in 1897, and they will forget dates anyway. We have no written records of any kind, but that will be as near as we can come to it."

The judge was of the opinion the case as stated by counsel was controlled by *Schulwitz* v. *Lumber Co.*, 126 Mich. 559 (85 N. W. 1075), and directed a verdict for the defendant. The case is brought here by writ of error.

Counsel says in his brief:

"The defendant, Stott, had instructed the teamster not to permit boys to ride upon the truck, but the teamster had not obeyed the defendant's instructions, and had, with the defendant's knowledge, permitted and allowed plaintiff and other boys to ride upon his truck repeatedly after he had been forbidden to do so."

He also stated in the oral argument that he could show that Mr. Stott had knowledge, after he had told the driver not to allow boys to ride, and before the plaintiff was injured, that his driver was not obeying his instructions. In the disposition of cases in this court we must be governed by the case as made in the bill of exceptions. Both of these claims are contrary to the case as made in the record. The case there disclosed is on all fours with *Schulwitz* v. *Lumber Co., supra.*

Judgment is affirmed.

Hooker, C. J., Grant and Montgomery, JJ., concurred. Long, J., did not sit.