KAMINSKI *v.* GREAT CAMP KNIGHTS OF THE MODERN MACCABEES.

BENEFICIAL ASSOCIATIONS— MEMBERSHIP— INITIATION— PERSONAL INJURIES—LIABILITY OF GRAND LODGE.

Where an applicant for membership in a fraternal organization agrees to be governed by the rules of the order, which provide that the local lodge is the agent of the applicant, and that the grand lodge shall not be liable for any fault or negligence on the part of the local lodge or its officers, and the local lodge chooses its own officers to perform the initiatory ceremonies and uses a ritual provided by the grand lodge, which contains nothing suggesting that the initiation shall be conducted in such a way as to hurt the candidate, the grand lodge is not liable to the candidate for personal injuries inflicted upon him by the members of the local lodge during initiation.

Error to Wayne; Donovan, J. Submitted April 13, 1906. (Docket No. 43.) Decided October 1, 1906.

Case by Anthony Kaminski against the Great Camp of the Knights of the Modern Maccabees for personal injuries. There was judgment for plaintiff, and defendant brings error. Reversed.

*John B. McIlwain* (*Jeffries & Williams*, of counsel), for appellant.

*Dohany & Dohany*, for appellee.

MOORE, J. It is the claim of plaintiff that while undergoing initiation at the Belle Isle Tent of the Knights of the Modern Maccabees he received personal injuries. He brought suit and recovered judgment. The case is brought here by writ of error.

Plaintiff bases his right to recover against defendant upon the proposition that the relation of principal and agent exists between defendant order and the degree team of Belle Isle Tent, so as to make the former liable for the negligent, careless, or willful acts of the latter, resulting

in injury to him during the initiation.   In the declaration it is said:

"The plaintiff further avers that by the rules and regulations of the said defendant, governing the initiation of new members, the said initiation officers are required to put the said new members through certain motions, marches, and gymnastics, which, when properly conducted, are entirely harmless; and the said defendant by its said agents and servants in so doing used a certain ritualistic method of initiation adopted and promulgated by the defendant."

It then avers the duty of the defendant to warn the plaintiff of the danger of being injured, and to furnish competent initiating officers, and that he be initiated in a careful and prudent manner.   It avers the initiation was recklessly conducted:

"That during the initiation the said initiating officers recklessly, negligently and carelessly grasped the plaintiff by his shoulders, tripped his knees forward, and threw his body backward, causing plaintiff to fall upon the floor of said room with great force and violence  *  *  * whereby the said plaintiff was seriously and permanently injured."

It is the claim of plaintiff that the following is part of the ritualistic ceremony that was exercised upon the plaintiff at the time of his injury:

"Two of the soldiers pass out of the inclosure and capture Judas and take his sword.   They wrap chain about his arms and remain outside of the inclosure until the general says:  'Let him stand aside and await his doom.' The other soldiers rush upon and seize the candidate (plaintiff) and after a brief pause, the lights being turned on, first soldier says:

"*First Soldier:* He is a rebel.

"*Second Soldier:* Let us kill him."

The soldiers, or guards, as they are sometimes called, "rushed upon and seized" the candidate with such force and roughness that he fell to the floor.   It is further claimed that in view of the ritual and the proofs it was proper for the court to submit the question of defendant's

liability to the jury.    Counsel say the case of *Mitchell* v. *Leech*, 69 S. C. 413 (66 L. R. A. 723), is controlling in favor of the action of the trial judge.

It is the claim of counsel for defendant that the court should have directed a verdict in its favor for the following reasons:

1. That defendant is not liable in damages for the wrongful acts of the degree team to plaintiff during initiation.

2. That the funds held by defendant are trust funds and cannot be charged with the payment of judgment for the torts of alleged agents.

He cites in support of this claim the case of *Jumper* v. *Sovereign Woodmen of the World*, 127 Fed. 635, and claims it is controlling in favor of this contention.

An examination of the two leading cases cited by counsel will show them to be distinguishable from the case at bar, and none of the many cases cited are controlling.    In the case before us we have the statute under which the defendant was organized, the defendant's articles of incorporation, the by-laws, its ritual and plaintiff's application for membership.    In this application plaintiff agreed to be bound by the laws, rules, and regulations of the order. Section 106 at this time read:

"A subordinate tent and its officers shall be the agent of its members and all applicants for membership, in all matters, and the great camp will in no case be liable for any fault or negligence on the part of a subordinate tent or any of its officers in the transaction of any business whatsoever between the members or applicants for membership and the great camp."

The subordinate tent under the laws of the order is authorized to do the following:

1. It elects its own officers.

2. Originates its own means of support.

3. Passes upon the social qualifications of all applicants for membership, and determines who shall be accepted and who rejected.

4. Decides whether an applicant, who has been accepted, shall be initiated or merely obligated.

5. Selects the degree team to confer the initiatory work.

6. Has power to expel members for violating the laws of the order, and thus cut off their social and beneficial rights and terminate their membership in the order.

7. Provides its own lodgerooms, furniture, furnishings, and paraphernalia for use in initiatory work.

It will be noted from what we have quoted from the ritual which is relied upon by the plaintiff that while the two persons are expected to rush upon and seize the candidate there is no suggestion in it that he shall be thrown to the floor with great violence. We then have a situation where an applicant to become a member agrees to be governed by the laws and rules and regulations of the defendant. These rules provide that the subordinate tent and its officers shall be the agent of the applicant, and that the great camp shall not be liable for any fault or negligence on the part of a subordinate tent or any of its officers. They further provide that the subordinate tent shall decide whether an applicant must be initiated, that it shall select the men to conduct the initiation, that it shall provide its own lodgerooms, furnishings, and paraphernalia for the initiation when conferred, and finally there is nothing in the ritual suggesting that the initiation shall be conducted in such a way as to do physical hurt to the candidate. Whatever may be the liability of the persons conducting the initiation, or of the subordinate tent which has selected them for that purpose, we think it very clear there was no question to be submitted to the jury based upon the idea that the persons who did the injury were the agents of the defendant in that act. See 20 Am. & Eng. Enc. Law (2d Ed.), pp. 180, 181; *Joslin* v. *Ice Co.*, 50 Mich. 516; *Wiltse* v. *Bridge Co.*, 63 Mich. 639; *Keating* v. *Railroad Co.*, 97 Mich. 154; 1 Bacon on Benefit Societies and Life Insurance (3d Ed.), § 63*b*.

Judgment is reversed, and new trial granted.

CARPENTER, C. J., and MCALVAY, GRANT, and BLAIR, JJ., concurred.