OTHEY DOUGHERTY, by his next friend, GEORGE DOUGHERTY, Appellant, v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY CO., Appellee.

**Railroads:** PERSONAL INJURY: WRONGFUL ACT OF EMPLOYEES: LIA-
1  BILITY. A railroad company is not liable for an injury to a child while riding upon a handcar with section men, at their instance and request, either upon the theory that the child was a passenger, a licensee or a trespasser.

**Same:** PROXIMATE CAUSE. The original wrong in placing the child
2  upon the car, for which the railroad company was in no way responsible, was the proximate cause of the injury.

**Same:** MALICIOUS CONDUCT. Permitting a child to ride upon a
3  hand car in a dangerous position is not such wanton and malicious conduct on the part of section men as to render the company liable for an injury to the child while thus riding.

**Same:** NEGLIGENCE. A railway company is not liable for the neg-
4  ligence of section men, acting entirely outside of the scope of their authority, in placing a child in a dangerous position on their hand car for purposes of their own, no matter how gross.

**Same.** Where the injury to a child was not due to the dangerous character of a hand car upon which he was invited to ride by section men, but to the negligence of those in charge while acting outside the scope of their authority, no liability attached to the railway company.

**Master and servant:** UNAUTHORIZED ACT OF SERVANT: LIABILITY OF MASTER. The master is not generally liable for the act of his servant while engaged in his work, which is not done for the purpose of performing that work.

*Appeal from Appanoose District Court.*— Hon. C. W. Ver-million, Judge.

FRIDAY, FEBRUARY 14, 1908.

ACTION at law to recover damages for injuries received by plaintiff in being run over by a hand car operated by defendant's sectionmen.    Directed verdict for defendant, and plaintiff appeals.— *Affirmed.*

*Howell & Elgin,* for appellant.

*F. S. Payne* and *Cook, Crocker, Loomis & Tourtellot,* for appellee.

DEEMER, J.— The alleged grounds of negligence are " in permitting the said minor plaintiff to board the said car and ride the same at the front edge thereof in an exposed position, without aid or protection of any kind," and " that shortly before the plaintiff was injured, and while the hand car was stationary, said section boss saw said infant sitting in a position of peril on said car, and, so seeing, ordered the other persons on said car, who were under the direction of said [boss], to start up said car, which was done."    The record shows that plaintiff is a boy seven years old, living with his parents close to the defendant's right of way.    One Hull was defendant's section foreman in charge of the hand car which injured the plaintiff.    As the car was coming to the station where it was kept, conveying the men from the

place where they had been working during the day, and as it passed the house where the boy lived, he was seen standing close to the track, and one of the sectionmen invited him to get upon the car. Pursuant to the invitation, the foreman stopped the car, and ordered the men to help the boy thereon. The car proceeded to the depot, where some tools were to be loaded to be taken to the toolhouse, and all the men got off the car. After the tools were loaded two men got on one end of the car and the little boy got on the other. The foreman did not get upon the car, but ordered the men to take it to the toolhouse, and seeing the boy on the car, remarked: "Hold on tight." The boy said in his testimony that he had hold of the handle bars of the car, and kept hold for a little while until he got dizzy and then let go, resulting in his falling from the car after it had gone three hundred or four hundred feet, and receiving the injuries of which he complains. It is manifest, of course, that the boy was not a passenger, and that defendant's liability cannot be predicated upon that theory. The injury was due to the wrong of defendant's employés entirely outside of the scope of their employment, and defendant cannot be held responsible therefor.

The only possible theory upon which there could be a recovery is that the boy was either a licensee or a trespasser, and that defendant was charged with the duty of not wantonly or purposely injuring him. But to this proposition there are several answers. In the first place the original wrong for which defendant was in no way responsible was the proximate cause of the injury to the boy. Again, there is no evidence of any such wanton or malicious conduct upon the part of defendant's agents as would justify a recovery. And, lastly, as to the employés who injured the boy, he was not a trespasser, for they invited him upon the car, and, although defendant is not responsible for the conduct of these men in extending the invitation, it cannot be charged with the negligence of the sectionmen, no matter how gross in

injuring the boy, after they had themselves placed him in the dangerous position. In all that they did they were acting outside of the scope of their authority and for some purpose of their own, and defendant should not under the circumstances be held liable for their negligence. *Keating v. Railroad Co.*, 97 Mich. 154 (56 N. W. 346, 37 Am. St. Rep. 328). Defendant should not be held liable either for their original wrong, or for the consequences thereof. If the boy had got upon the car without the consent of the sectionmen, he would have been a trespasser, and defendant would only be held responsible in such a case if they wantonly or purposely injured him, after discovering his presence. The rule in the so-called turntable cases, as announced in *Edgington v. Railway,* 116 Iowa, 410, has no application whatever.

Appellant contends, however, that the car was a dangerous agency, and that defendant is responsible for the acts of its agents in charge thereof. This rule has no application to the case at bar. The injury to plaintiff was due not to the dangerous character of the car, but to the negligence of those having it in charge, and it was not such negligence as to render defendant responsible. *Foster Co. v. Pugh,* 115 Tenn. 688 (91 S. W. 199, 4 L. R. A. (N. S.) 804, 112 Am. St. Rep. 881); *Schulwitz v. Lumber Co.,* 126 Mich. 559 (85 N. W. 1075); *Railway v. Bolling,* 59 Ark. 395 (27 S. W. 492, 27 L. R. A. 191, 43 Am. St. Rep. 38); *Morris v. Brown,* 111 N. Y. 318 (18 N. E. 722, 7 Am. St. Rep. 751). It is a general rule that an act done by a servant while engaged in his master's work, but not done as a means or for the purpose of performing that work, is not to be deemed the act of the master. *Bowler v. O'Connell,* 162 Mass. 319 (38 N. E. 498, 27 L. R. A. 173, 44 Am. St. Rep. 359); *Gillett v. Railway,* 55 Mo. 315 (17 Am. Rep. 653); *Formall v. Oil Co.,* 127 Mich. 496 (86 N. W. 946); *Driscoll v. Scanlon,* 165 Mass. 348 (43 N. E. 100, 52 Am. St. Rep. 523).

There is no testimony to show that the injuries were

either wantonly, purposely, or maliciously inflicted, and no possible grounds are shown for holding the defendant liable. See, as sustaining these conclusions, *Smith v. R. R.,* 124 Ind. 394 (24 N. E. 753) ; *Gravel Road Co. v. Gause,* 76 Ind. 142 (40 Am. Rep. 224).

The judgment is therefore *affirmed.*