Florence Rolfe, as Administratrix of the Estate of Edmund Rolfe, Respondent, v. Joseph F. Hewitt, Appellant.

**Master and servant — negligence — when master not liable for injuries to person riding in automobile with chauffeur without knowledge or permission of owner — when such person, whether riding by invitation or by permission of chauffeur, not licensee of owner for whose safety he was responsible — erroneous instructions to jury.**

1. Where defendant, who had previously instructed his chauffeur not to permit another person to ride in the car, unless defendant gave express permission to that effect or was himself in the automobile at the time; and thereafter the chauffeur was directed by defendant to go to a village after some building materials, and plaintiff's intestate, a contractor working for defendant, without defendant's knowledge, got into the car, but whether with the permission or against the objection and protest of the chauffeur does not appear, and rode with him to the village and assisted in procuring the materials for which the chauffeur had been sent, and again got in the car to return, and on the way back the car was overturned, the chauffeur killed and plaintiff's intestate injured so that he died shortly thereafter, the plaintiff cannot recover.

2. Where in such case the trial judge submitted the case to the jury with instructions that, if they found that the accident was caused by the negligence of the chauffeur, plaintiff could recover, (a) if the intestate was a licensee, in the car by permission of the chauffeur, the defendant, through his chauffeur, owed him ordinary care not to increase the danger while there riding or to create a new danger, or (b) if the intestate was a trespasser, that is, had forced his way in the car without the permission of the chauffeur, that the chauffeur would not be justified in wantonly or willfully injuring him, and if he did,

then they might find the defendant liable. *Held*, error, and that the judgment must be reversed for two reasons: *First*, because there is absolutely no evidence in the record which would justify a finding that the chauffeur wantonly or willfully injured the intestate or caused his death, and the jury should have been so instructed. *Second*, the record does not disclose any evidence that the intestate was in the car at the time of the accident with the consent, permission or knowledge of defendant, and as to him he was not a licensee. If he were in the car with the consent of the chauffeur, then as to him he was a licensee, but not as to the defendant. The chauffeur in permitting him to ride was not acting within the scope of his employment or doing anything to further the defendant's interests. (*Grimshaw* v. *Lake Shore & M. S. Ry. Co.*, 205 N. Y. 371, distinguished.)

*Rolfe* v. *Hewitt*, 184 App. Div. 920, reversed.

(Argued November 20, 1919; decided January 6, 1920.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 20, 1918, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Andrew J. Nellis* and *James B. Henney* for appellant. There was neither pleading nor evidence to justify a recovery. The *respondeat superior* rule is inapplicable. (*Haskell* v. *L. H. & P. Co.*, 209 N. Y. 91; *Southwick* v. *Bank*, 84 N. Y. 429; *Stewart* v. *Sulger*, 174 App. Div. 841; *Massaletti* v. *Fitzroy*, 228 Mass. 487; *Lowell* v. *Williams*, 183 App. Div. 701; *Morris* v. *Brown*, 111 N. Y. 330; *Stensler* v. *Gas Light Co.*, 179 App. Div. 774; 226 N. Y. 125; *Kennedy* v. *R. & L. Co.*, 224 Mass. 207; *Walker* v. *Fuller*, 223 Mass. 566; *Scott* v. *Peabody*, 153 Ill. App. 103; *Walker* v. *Coal Co.*, 144 Ga. 695; *Hume* v. *Elder*, 178 App. Div. 652.) The court erred in charging that the chauffeur might be found to have willfully and wantonly injured intestate, and in refusing to charge no facts were proved from which willfulness and wantonness could be inferred. (*Duree Case*, 241 Fed. Rep. 456.)

*William H. Hamilton* and *Norman C. Conklin* for respondent. The plaintiff was entitled to recover on the theory that Rolfe was a licensee or invitee. (*McHarg* v. *Adt*, 221 N. Y. 510; *Phila. & R. Ry. Co.* v. *Derby*, 14 How. [U. S.] 468; *Grimshaw* v. *Lake Shore & M. S. R. R.*, 205 N. Y. 371; 140 App. Div. 688; *Harris* v. *Perry Co.*, 1903, 2 K. B. 219; *Perkins* v. *Galloway*, L. R. A. 1916 E. 1190; 73 So. Rep. 956; *Steamboat New World* v. *King*, 16 How. [U. S.] 467; *Adams* v. *Tozier*, 163 App. Div. 751; *Patnode* v. *Foote*, 153 App. Div. 494; *Royal Indemnity Co.* v. *P. & W. Refining Co.*, 98 Misc. Rep. 631; *Stern* v. *International Ry. Co.*, 167 App. Div. 503; 220 N. Y. 284; *Beard* v. *Klusmeier*, 158 Ky. 153; *Fitzjarrell* v. *Boyd*, 91 Atl. Rep. 547; Huddy on Automobiles, § 113; *Geibel* v. *Elwell*, 19 App. Div. 285.) There was no error in the submission of the case to the jury. (*Rounds* v. *D., L. & W. R. R. Co.*, 64 N. Y. 129; *Johnson* v. *Coey*, 237 Ill. 88; *Stern* v. *International Ry. Co.*, 167 App. Div. 503; 220 N. Y. 284; *Countryman* v. *Fonda, J. & G. R. R.*, 166 N. Y. 201; *Kelly* v. *Willis*, 116 App. Div. 756; *McCahill* v. *N. Y. Transportation Co.*, 201 N. Y. 221; *Du Bois* v. *Decker*, 130 N. Y. 325; *P. & R. Ry. Co.* v. *Derby*, 14 How. [U. S.] 468; *Grimshaw* v. *Lake Shore R. R.*, 205 N. Y. 371; *Harris* v. *Perry & Co.*, 1903, 2 K. B. 219; *Steamboat New World* v. *King*, 16 How. [U. S.] 467; *McHarg* v. *Adt*, 221 N. Y. 510.) The rule of *respondeat superior* applies. (*Lowell* v. *Frank*, 183 App. Div. 701; *Perkins* v. *Galloway*, L. R. A. 1916 E. 1190; *Scott* v. *Latting*, 140 N. W. Rep. 186; *McHarg* v. *Adt*, 221 N. Y. 510.)

McLAUGHLIN, J. On the 30th of March, 1917, plaintiff's intestate was killed by the overturning of an automobile in which he was riding. The automobile was owned by the defendant and at the time of the accident was being driven by his chauffeur on the highway between Bearsville and Woodstock, in the county of Ulster, N. Y. This action was brought to recover damages by

reason of his death, alleged to have been caused by the negligence of defendant's chauffeur. Plaintiff had a verdict, upon which judgment was entered, and an appeal taken to the Appellate Division, third department, which resulted in an affirmance, by divided court, and defendant appeals to this court.

The defendant was erecting a bungalow near Woodstock, through one Niernsee, as contractor, and one Lithgow, as superintendent of construction. Shortly after eleven o'clock on the morning of the day named, defendant directed his chauffeur to drive to Bearsville or Woodstock to get certain materials, a list of which Lithgow had made and which were needed in the construction of the bungalow, and to be back by one o'clock. The intestate had a contract to do certain work on the bungalow, and which on the day named he had substantially completed. After the list of materials wanted had been made by Lithgow, the intestate took the same and gave it to the chauffeur. Shortly thereafter Lithgow and the defendant went to the chauffeur, who was with defendant's automobile a short distance from the bungalow, and told him they wanted, in addition to what was on the list, twenty-five pounds of shingle nails, and defendant then gave him the money to pay for the materials desired. Where the intestate was at this time does not appear. The chauffeur had previously been instructed by defendant not, under any circumstances, to permit another person to ride in the car, unless defendant gave express permission to that effect, or was, himself, in the automobile at the time. After receiving the list of materials wanted, the chauffeur started with the car to get them. Sometime thereafter plaintiff's intestate got into the car — just when or where does not appear — nor does it appear whether it were with the permission or against the objection and protest of the chauffeur. It does appear, however, that he was in the car when it passed through Woodstock and when it reached Bearsville. On

reaching Bearsville he took from the chauffeur the list of the materials wanted and the money which had been given to the chauffeur by defendant, went into the store and made the purchases, and returned with the materials to the car, again getting into it. On the return from Bearsville the chauffeur apparently lost control of the car and the same left the highway, killing him and injuring the intestate so that he died shortly thereafter.

The learned trial justice submitted the case to the jury with instructions that if they found the accident was caused by the negligence of the chauffeur, they might find a verdict in favor of the plaintiff upon either one of two theories: (a) That the intestate was a licensee, that is, that he was in the car by permission of the chauffeur, in which case defendant, through his chauffeur, owed him ordinary care not to increase the danger while there riding, or to create a new danger; or (b) that he was a trespasser, that is, that he had forced his way into the car without permission of the chauffeur, but in that case the chauffeur would not be justified in wantonly or willfully injuring him, and if he did, then they might find defendant liable. Exception was taken to the instruction that the jury might find defendant liable if the chauffeur willfully and wantonly injured the intestate, and the court was asked to charge that there was no evidence which would justify a finding to that effect, which was refused, and an exception also taken.

I am of the opinion that the judgment must be reversed for two reasons: *First,* because there is absolutely no evidence in the record which would justify a finding that the chauffeur wantonly or willfully injured the intestate or caused his death, and the jury should have been so instructed. *Second,* the record does not disclose any evidence that the intestate was in the car at the time of the accident with the consent, permission or knowledge of defendant, and as to him he was not a licensee. If he were in the car with the consent of the chauffeur, then

as to him he was a licensee, but not as to the defendant. The chauffeur, in permitting him to ride, was not acting within the scope of his employment or doing anything to further the defendant's interests. (*Mott* v. *Consumers' Ice Co.,* 73 N. Y. 543.)

The rule is well settled that an agent binds his master only as to acts done within his actual authority, or within the apparent scope thereof. (*Timpson* v. *Allen,* 149 N. Y. 513, 519; *Edwards* v. *Dooley,* 120 N. Y. 540, 551.) A servant is acting within the scope of his employment when he is engaged in doing for his master what he has been directed to do, or as Mechem on Agency (Vol. 2, sec. 1875) says: " Any act which can fairly and reasonably be deemed to be an ordinary and natural incident or attribute of that act, or a natural, direct and logical result of it." The chauffeur had been directed to do a specific thing. He needed no assistance in doing that act, and if the intestate got into the car at his invitation, or with his permission, he was not acting within the scope of his authority, but contrary to express orders theretofore given. (*Rose* v. *Balfe,* 223 N. Y. 481.) When the owner of a private car sends his chauffeur on an errand, that does not give him authority to take into it a person casually met upon the highway. (*Eaton* v. *D., L. & W. R. R. Co.,* 57 N. Y. 382; *Morris* v. *Brown,* 111 N. Y. 318; *Finley* v. *Hudson El. Ry. Co.,* 64 Hun, 373; affd., on opinion below, 146 N. Y. 369; *Raible* v. *Hygienic Ice & Refrigerating Co.,* 134 App. Div. 705.)

In the *Eaton* case plaintiff was invited by the conductor of a coal train upon defendant's road to ride in the caboose, the conductor promising to get him employment as a brakeman. While so riding, plaintiff was injured through the negligence of defendant's employees. The court held defendant was not liable, stating that plaintiff could only be lawfully on the train by an authorized act of the conductor.

In the *Morris* case defendants were engaged in excavating for a tunnel. Plaintiff's intestate, a civil engineer, while riding on a dump car which ran on a track in and out of a tunnel, was thrown from the car and killed, due to the negligence of the brakeman in charge of the car. These cars were not intended as facilities for taking persons in and out of the tunnel, but it appeared that the intestate had been accustomed, with the consent of the brakeman, to ride upon it, though it did not appear this had been with the knowledge of the defendants, nor that the brakeman had any authority to give his consent. This court held that the trial judge erred in submitting the case to the jury and took occasion to point out that the knowledge of the brakeman that plaintiff's intestate had been riding on the car on previous occasions, and the permission of the brakeman, did not bind the defendants; and that the brakeman was not their agent for that purpose.

In the *Finley* case the plaintiff, a boy, was invited by the motorman to ride upon a car in payment for his services in opening a switch which it was the duty of the motorman to open. It was held that the motorman, in extending the invitation, was not acting within the line of his duty or doing it in furtherance of defendant's interest or for its benefit, the court saying: " Not only is it not within the scope of his employment to invite people to ride free, or to employ others to assist him in the performance of his duties and compensate them by free transportation, but in this particular case the defendant  *  *  *  had ordered their motorman not to permit or allow it, and had made rules against it." (p. 374.)

In the *Raible* case defendant's stableman, who had no authority to employ assistants, called plaintiff, a boy fifteen years of age, to lead a horse to a watering trough, although there was no emergency which rendered such assistance necessary. The boy was kicked by the horse,

while returning from the trough, and it was held that the act of the stableman in permitting the plaintiff to lead the horse was a delegation of his personal duty and the substitution of another in his place, which was clearly beyond the scope of his authority and unauthorized by defendant.

There are numerous authorities to the same effect. Thus, in *Walker* v. *Fuller* (223 Mass. 566) plaintiff was injured while riding in an automobile driven by one Woods, an employee of the defendant. The plaintiff was also in defendant's employ, but had finished his work for the day and while waiting to take a street car saw Woods drive out of the defendant's yard. He asked him if he were going to town and when the latter replied that he was, he got into the automobile and was injured by reason of the negligence of the driver. It was held that defendant was not liable; that plaintiff was not being carried in the automobile at the time he was injured by reason of any invitation of defendant, or any one in his employ who was authorized by him to extend such an invitation. (See, also, *Driscoll* v. *Scanlon*, 165 Mass. 348; *McQueen* v. *People's Store Co.*, 97 Wash. 387; *Scott* v. *Peabody Coal Co.*, 153 Ill. App. 103; *Flower* v. *Pennsylvania R. R. Co.*, 69 Penn. St. 210; *Dover* v. *Mayes Mfg. Co.*, 157 N. C. 324; *Schulwitz* v. *Delta Lumber Co.*, 126 Mich. 559; *Kiernan* v. *New Jersey Ice Co.*, 74 N. J. L. 175; *Hoar* v. *Maine Central R. R. Co.*, 70 Me. 65; *Dougherty* v. *Chicago, Milwaukee & St. Paul Ry. Co.*, 137 Ia. 257; *Hall* v. *Missouri Pacific Ry. Co.*, 219 Mo. 553; *Central Stamping Co.* v. *McKeon*, 255 Fed. Rep. 8; *Duree* v. *Wabash R. Co.*, 241 Fed. Rep. 454; *Lygo* v. *Newbold*, 9 Exch. 302 [1854]; Lord Halsbury's Laws of England, vol. 20, p. 255.)

But it is urged by the attorney for the respondent that *Grimshaw* v. *Lake Shore & Michigan Southern Ry. Co.* (205 N. Y. 371) is an authority for the maintenance of this action. I do not think so. The rule there laid

down is not applicable to the facts of this case, as a brief consideration of what was there decided will show. The decision in no way involved the doctrine of *respondeat superior.* Plaintiff's intestate worked in the master mechanic's office of the Erie railroad at Buffalo. He had been there employed for several weeks, and with others had been in the habit of riding on a Wabash engine to and from his work, a distance of two and a half or three miles. At the time of the accident he, with several others, was on this engine, which was against the rules of the Wabash Company. At an intersection of the tracks of the Erie and Lake Shore and Michigan Southern railroads, the Wabash engine was struck by a Lake Shore train, due to the negligence of the switchman of the latter road, resulting in the intestate's death. He sustained no relation whatever to the Lake Shore road, and the sole question decided was whether that road was liable by reason of the negligence of its switchman. The status of the intestate on the Wabash engine at the time of the collision was not involved in the decision and in fact was immaterial to the question tried. This is not only apparent from the charge of the trial judge, but also from the opinion delivered in this court. Judge BARTLETT said: " Further than that, the status of the injured person toward the corporation on whose locomotive he was riding was immaterial to the company operating the train which caused the injury." (p. 377.) It is true there are expressions in the opinion to the effect that he was either a licensee or a trespasser, and if the former, the defendant, if negligent, would be liable, but if the latter, not. He was, as to the defendant, neither one nor the other and such expressions and what was said in the opinion on that subject were unnecessary and in no way involved in the decision. A judicial opinion, like a judgment, must be read as applicable only to the facts involved and is an authority only for what is actually decided.

The judgments of the Appellate Division and Trial Term should, therefore, be reversed, and new trial granted, with costs to abide event.

HISCOCK, Ch. J., CHASE and ANDREWS, JJ., concur; CARDOZO, POUND and CRANE, JJ., concur in result in memorandum as follows: CARDOZO, POUND and CRANE, JJ., are of the opinion that the evidence would justify the submission to the jury of the question whether the decedent was in the car as the licensee of the defendant, but concur in the view that the defendant is not liable to one who was merely the licensee of his chauffeur, and that the judgment cannot be sustained upon the theory of the trial.

Judgments reversed, etc.