CHAJNACKI v. DOUGHERTY.

1. MASTER AND SERVANT—SCOPE OF EMPLOYMENT—LIABILITY OF
MASTER FOR SERVANT'S NEGLIGENT ACTS.

> Master is not liable for negligent acts of his servant unless at
> the time the servant is acting within scope of his employment
> or within his actual authority.

2. SAME.

> Where truck driver had been instructed by his employer not to
> allow any one to ride on truck, driver's act in inviting boy to
> ride was not within scope of his employment, and therefore
> employer was not liable for driver's negligence in starting
> truck and injuring boy while he was trying to board it.

Error to Wayne; Moll (Lester S.), J. Submitted
April 22, 1931. (Docket No. 5, Calendar No.
35,459.) Decided June 1, 1931.

Case by Anthony Chajnacki, an infant, by next
friend, against J. H. Dougherty, doing business as
Globe Cinder Supply Company, for personal in-
juries received while attempting to board defend-
ant's truck. Judgment for defendant. Plaintiff
brings error. Affirmed.

*Walter M. Nelson,* for plaintiff.

*Frederick J. Ward,* for defendant.

McDONALD, J. This action was brought to re-
cover damages for personal injuries received by the
plaintiff while attempting to get on a truck driven
by one James Lewis, and belonging to the defend-
ant, his employer.

---

Liability of master for injury to person riding with servant by
latter's invitation or permission, see annotation in L. R. A. 1917F,
425.

Liability of master for injury to one whom servant in violation of
instruction permits to ride on vehicle, see annotation in 14 A. L. R.
145.

The plaintiff's testimony shows that as the truck was being driven along Harper avenue in the city of Detroit, he signaled the driver for a ride. The truck was stopped and the plaintiff was invited to get on. As he was attempting to do so, it suddenly moved forward and threw him to the pavement. He was seriously injured. The driver had been instructed by the defendant not to allow any person to ride on the truck. For this reason the trial court held that the defendant was not liable for the plaintiff's injuries, and directed a verdict in his favor. The plaintiff has brought error.

It is well settled that a master is not liable for the negligent acts of his servant unless at the time the servant is acting within the scope of his employment or within his actual authority. In inviting the plaintiff to ride, the driver of the truck was not acting within the scope of his employment. His act was not only unauthorized but was contrary to the express instructions of his employer. In *Stornelli* v. *Railway Co.*, 193 Mich. 674, the plaintiff was injured while riding on one of the defendant's trains at the invitation of the engineer. The court said:

"If any such invitation was given, such invitation was outside the scope of the engineer's authority. *Keating* v. *Railroad Co.*, 97 Mich. 154 (37 Am. St. Rep. 328); *Schulwitz* v. *Lumber Co.*, 126 Mich. 559; *Mahler* v. *Stott*, 129 Mich. 614."

In *Schulwitz* v. *Lumber Co., supra,* quoting the syllabus, it was said:

"A master is not liable for the negligence of his servant in permitting a boy, contrary to the master's orders, to ride upon a wagon provided for the servant's use in hauling lumber, such act not being within the scope of the servant's employment."

See, also, *Rolfe, Admx.*, v. *Hewitt*, 227 N. Y. 486 (125 N. E. 804, 14 A. L. R. 125), and annotation page 145, 14 A. L. R.

In the instant case it is not claimed that the driver was guilty of wanton or wilful misconduct. It is true, as urged by the plaintiff, that, having invited him to ride, it was the driver's duty to exercise ordinary care for his safety; but, as the invitation was not within the scope of his employment, the defendant was not liable for his neglect of duty.

The court correctly directed the verdict. The judgment is affirmed, with costs to the defendant.

Butzel, C. J., and Wiest, Clark, Potter, Sharpe, North, and Fead, JJ., concurred.