HARTMAN and wife, Appellants, vs. BADGER TOBACCO COMPANY and others, Respondents.

*January 11—February 7, 1933.*

For the appellants there was a brief by *Raymond J. Cannon,* attorney, and *John L. Newman* of counsel, both of Milwaukee, and oral argument by *Mr. Newman.*

For the respondents Badger Tobacco Company and Great American Indemnity Company there was a brief by *Bend-*

*inger & Hayes* of Milwaukee and *Marcus Jacobson* of Waukesha, attorney and guardian *ad litem* for the defendant John Hartman, and oral argument by *Gerald P. Hayes*.

FRITZ, J.   Plaintiffs assign as error the granting of the motion for a directed verdict as to the defendant Badger Tobacco Company and its insurer, Great American Indemnity Company, and the entering of judgment dismissing the complaint.   The facts which are material on the questions raised on this appeal are simple and virtually undisputed.   The defendant John Hartman was employed by the Badger Tobacco Company to drive its truck in delivering merchandise to its customers.   John Hartman had heard that he was not to take other persons along for a ride, and on the day previous to the accident in suit he had heard the vice-president of his employer refuse to let his son ride with Hartman.   Nevertheless, in disregard of his employer's directions in that respect, John Hartman took his. nine-year-old sister for a ride, and, while *en route* to one of defendant's customers, she was killed by reason of the capsizing of the truck which Hartman was driving.   Plaintiffs claimed, and there is evidence which would sustain findings, that the accident occurred because of John Hartman's failure to see the curve in time, to reduce his speed at the curve, and the failure of the brakes to sufficiently check the speed of the truck.

Under the circumstances, it was clearly beyond the scope of John Hartman's employment and authority as driver of the truck to carry Eva Hartman as a passenger or an invitee or licensee of the Badger Tobacco Company.   *Seidl v. Knop,* 174 Wis. 397, 399, 182 N. W. 980; *Miller v. Frank I. Epstein Co.* 185 Wis. 112, 114, 200 N. W. 645. So far as that corporation was concerned, her legal relation to it was but that of a trespasser.   The use. of that term in law in this connection is "not to impute to children

any wrongful purpose or wrongful intent, nor to charge them with any legal or moral delinquency, but simply to describe their legal relation to the owners of the property upon which they go without permission." *Routt v. Look,* 180 Wis. 1, 8, 191 N. W. 557. That being true, the Badger Tobacco Company owed to her as a trespasser no duty excepting that of refraining from wilful and intentional injury to her. As this court said in *Routt v. Look, supra:* "It has long been the established law of this state that a person owes no duty to a trespasser except that of refraining from wilful and intentional injury;" citing *Klix v. Nieman,* 68 Wis. 271, 32 N. W. 223; *Schug v. Chicago, M. & St. P. R. Co.* 102 Wis. 515, 78 N. W. 1090; *Bonniwell v. Milwaukee L., H. & T. Co.* 174 Wis. 1, 182 N. W. 468. For cases to the same effect in other jurisdictions, see 49 A. L. R. 790. No departure from that rule was intended in the opinion in *Hensel v. Hensel Yellow Cab Co. Inc.* 209 Wis. 489, 245 N. W. 159, when the decision in *Brinilson v. Chicago & N. W. R. Co.* 144 Wis. 614, 129 N. W. 664, was cited in support of the statement: "Even if the plaintiff was a trespasser, the defendant owed her the duty of refraining from 'active' negligence." The *Brinilson Case* did not involve the duty which an owner of property owes to a trespasser, but was in relation to the duty owing to a licensee; and it was as to a licensee that it was held that it was the licensor's duty to refrain from 'active' negligence. On the other hand, the plaintiff in the *Hensel Case* was not a trespasser, and consequently the decision of that case did not necessitate passing upon the duty owing to a trespasser, and that decision is not to be considered as a precedent on that proposition, or as affording any basis as a precedent for holding that the duty owing by the Badger Tobacco Company to Eva Hartman as a trespasser was otherwise than to refrain from wilful and intentional injury. Injury to her, which, so far as the Badger Tobacco Company is

concerned, resulted from mere inadvertence, such as the failure to observe a curve, or to apply brakes, or to have them functioning properly, or to otherwise reduce the rate of speed of the truck so as to avoid capsizing, certainly was not wilful or intentional injury. Consequently, there was no disregard or violation of any duty owing to Eva Hartman by the Badger Tobacco Company, and the latter is not liable for her injury and death.

The following statement of the law is in point in all respects, viz.:

"It is very generally held that a servant has no implied authority to invite or permit a third person to ride on a horse or vehicle in his charge, and if, in so doing, the invitee sustains injuries through the negligence of the servant, the master will not be liable as the servant is not acting within the scope of his authority; and especially is this true where the servant is acting in disobedience of express orders not to invite any one to ride on the vehicle. This principle has been applied notwithstanding the invitee was an infant, even though it has been held the invitee was an infant of tender years and for that reason released from any charge of contributory negligence. In these circumstances, the master owes no duty to the invitee who is a trespasser except to see that he is not wilfully or wantonly injured." 39 Corp. Jur. p. 1304, § 1502.

That statement is in accord with the decisions of this court as well as the following cases in other jurisdictions: *Driscoll v. Scanlon,* 165 Mass. 348, 43 N. E. 100; *O'Leary v. Fash,* 245 Mass. 123, 140 N. E. 282; *Rolfe v. Hewitt,* 227 N. Y. 486, 125 N. E. 804; *Goldberg v. Borden's Condensed Milk Co.* 227 N. Y. 465, 125 N. E. 807; *McQueen v. People's Store Co.* 97 Wash. 387, 166 Pac. 626; *Karas v. Burns Bros.* 94 N. J. L. 59, 110 Atl. 567; *Zampella v. Fitzhenry,* 97 N. J. L. 517, 117 Atl. 711; *Schulwitz v. Delta Lumber Co.* 126 Mich. 559, 85 N. W. 1075; *Daugherty v. Chicago, M. & St. P. R. Co.* 137 Iowa, 257, 114 N. W.

902; *Foster-Herbert C. S. Co. v. Pugh,* 115 Tenn. 688, 91 S. W. 199; *Christie v. Mitchell,* 93 W. Va. 200, 116 S. E. 715; *Albers v. Shell Co.* 104 Cal. App. 733, 286 Pac. 752; *Higbee Co. v. Jackson,* 101 Ohio St. 75, 128 N. E. 61, 14 A. L. R. 131; *Stipetich v. Security Stove & Mfg. Co.* (Mo. App.) 218 S. W. 964. Consequently the trial court was not in error in granting the motion for a directed verdict and in ordering judgment accordingly.

*By the Court.*—Judgment affirmed.