## Laxton v. Wisconsin Steel Company.

(Decided March 5, 1918.)

### Appeal from Harlan Circuit Court.

1. Negligence—Actionable Negligence Does Not Exist Unless There is a Breach of Duty.—There can be no actionable negligence unless there is a breach of duty, and the master can not be held responsible for the courtesies of his servant when the master is under no duty to extend the courtesies and the servant renders them merely as a favor or accommodation.

2. Negligence—Invitee or Licensee.—One who is injured while on the premises of another as an invitee or licensee can not maintain an action against the owner of the premises unless he has been guilty of some intentional or positive act of negligence that caused the injury complained of.

3. Negligence—Extending Courtesy to Licensee.—Where a master for accommodation furnished a funeral train, he was not liable in damages to one of the party who fell from a plank on which she was walking from the car to the ground when the conductor let go her arm.

HALL & JONES for appellant.

SAMPSON & SAMPSON for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In this personal injury suit brought by the appellant, Mrs. Laxton, against the Wisconsin Steel Co., the trial court, at the conclusion of the evidence for the plaintiff, directed a verdict for the defendant.

The facts appearing in the record are these: The defendant, in connection with its coal mining operations, owned some engines and flat cars that were used exclu-

sively by it in the conduct of its business. It was not engaged as a common carrier of freight or passengers.

In April, 1916, two of its employes were killed in an accident that occurred in one of its mines, and· on the following day the deceased persons were buried in a cemetery about a mile distant from Benham, where the defendant's plant was located. For the accommodation of the family and friends of the deceased, the defendant arranged to have one of its engines and a flat car, on which temporary seats were placed, carry the remains and the relatives and friends of the deceased to the cemetery, which it appears was near the L. & N. railroad tracks on which these engines and cars were operated.

The plaintiff, who lived some distance from Benham, was on her way to that place and reached the cemetery about the time that the funeral got there, and after the burial, when the persons who had gone down there on the flat car were getting on to return, the plaintiff, without special invitation or request, followed the crowd from the cemetery to the flat car and in company with the family and friends of the deceased got on the flat car for the purpose of riding to Benham.

No charge whatever was made by the defendant for this service, nor did any person receive or collect any compensation from the plaintiff, or ask or invite her to ride back on the car. The person in charge of the car, Mr. Towns, supposed, as we may assume, that she was one of the company who had gone down on the car, and no questions were asked or inquiry made when she got on. When the car arrived at Benham on its return from the cemetery, it was stopped at a convenient place, there being no depot or arrangements for passengers, and the persons on the car got from the car to the ground by' walking on a strong plank about fourteen feet long and twelve inches wide, one end of which was placed on the floor of the car, which was about four and a half feet from the ground, and the other end was put on the ground. When the plaintiff started down the inclined plank Towns, who, as said, appears to have been in charge of the arrangements for the defendant, was standing by the plank assisting the women and children to walk down it, and for this purpose he took hold of the hand and arm of the plaintiff as she left the car, and held to her until she had walked nearly to the ground and near the end of the plank. When she reached this place on the plank, which

was about two feet from the ground, Towns let go her arm and hand for the purpose of assisting some other ladies or some children who were behind her on the plank, and when he let her go, she slipped in some way and fell to the ground, breaking her arm.

Under these circumstances it is sought to make the defendant liable upon the ground, as stated by counsel, that the defendant owed to the plaintiff "the duty of exercising the highest degree of care necessary for her safety and protection from the time she boarded the train until she safely alighted therefrom." In other words, it is sought to charge the defendant with the same high degree of care that a common carrier of passengers would owe to a passenger, and consequently the duty of assisting the plaintiff until she was safely off the plank and on the ground.

But clearly under the facts, about which there is no dispute, the defendant was not a common carrier of passengers and did not owe to the plaintiff the high degree of care sought to be imposed on it, or any care, except ordinary care not to actively injure the plaintiff. The defendant was under no duty to assist the plaintiff to either get on or get off the car, and in so doing was merely showing her an ordinary courtesy such as was extended to the other women and the children on the car. Towns, who was in charge of the car, was not guilty of any act of positive negligence in letting go the hand and arm of the plaintiff at the time and place that he did because, as we have said, he owed her no duty of assistance.

There can be no actionable negligence unless there is a breach of duty, and the master cannot be held responsible for the courtesies of his servant when the master is under no duty to extend the courtesies and the servant merely renders them as a favor or accommodation.

The negligence of the servant in this case—if we should assume that he was negligent, although as a matter of fact he was not—was merely passive negligence, consisting of the omission to assist the plaintiff until she was safely on the ground. It is not contended that he was guilty of any affirmative act of negligence or that her injury was caused by any act of commission on his part.

At the most the plaintiff was a mere invitee or licensee, and it is well settled that a person occupying this status, who is injured while on the premises of another,

cannot maintain an action against the owner of the premises, unless he has been guilty of some intentional or positive act of negligence that causes the injury complained of. Indian Refining Co. v. Mobley, 134 Ky. 822.

If the defendant in this case could be held liable, so could any private person, who furnished a wagon, team and driver for accommodation to carry people he was under no duty to carry, be made liable if the driver of the wagon, in helping one of them on or off, should by accident or inattention let him fall. And of course there could be no liability on the owner in such a state of case.

Wherefore, the judgment is affirmed.