Miller v. Frank I. Epstein Co. 185 Wis. 112.

MILLER, Appellant, vs. FRANK I. EPSTEIN COMPANY, Respondent.

*October 16—November 11, 1924.*

*Master and servant: Scope of employment: Aiding disabled car of third person: Negligence: Liability of master.*

1. A master is not liable for the tort of his servant committed outside the scope of his employment.   p. 114.
2. Before there can be actionable negligence on the part of the master he must have breached the duty he owed the injured party.   p. 114.
3. The act of the servant in stopping the master's automobile on the highway and attempting to help a disabled car out of a ditch is *held* not within the scope of his employment, and the master was not liable for injuries sustained by the collision of a third person with the automobile, which negligently projected beyond the center of the road.   p. 115.

APPEAL from a judgment of the circuit court for Milwaukee county: EDGAR V. WERNER, Judge. *Affirmed.*

Action to recover damages for injuries sustained in an automobile collision. Defendant was a wholesale dealer in fruits and vegetables and employed a truck to deliver goods to its customers outside of Milwaukee. One evening his servant, while on his return to Milwaukee from a trip delivering goods, found a Dodge car in the ditch by the road unable to get out. He stopped, backed his car into a desired position on the road to haul the car out, took a long rope used for tying up his load, and was in the act of fastening the rope to the Dodge car and the truck when the car in which plaintiff was being driven came around a bend in the road and collided with the truck. It is claimed plaintiff's driver was blinded by the lights of the Dodge car and that defendant's truck negligently projected beyond the center of the road and caused the collision. The case was submitted to a jury, and the answers in the special verdict in so far as they covered the issuable facts were favorable to the plaintiff. The court changed some of the answers in the special verdict and entered judgment for the defendant dismissing the action, from which judgment the plaintiff appealed.

For the appellant there was a brief by *Jennings & Powell,* attorneys, and *Joseph E. Tierney,* of counsel, all of Milwaukee, and oral argument by *Mr. F. J. Jennings* and *Mr. Tierney.*

For the respondent there was a brief by *Lines, Spooner & Quarles* of Milwaukee, and oral argument by *Charles B. Quarles.*

VINJE, C. J. The trial court found that the driver of defendant's truck was not negligent and that the act he was doing at the time was not within the scope of his employment. We agree with him as to both findings, but shall base our decision upon the latter alone. For that reason we have not set out fully the evidence nor discussed the probative force thereof.

The rule of law is well settled that a master is not liable for the tort of his servant committed outside the scope of his employment. The more difficult question is to determine when an act of a servant is or is not within the scope of his employment. This court has held in cases involving the use of automobiles that a servant who was to furnish his own meals but used his master's automobile in going to his midday meal without the knowledge or consent of the master was not within the scope of his employment. *Steffen v. McNaughton,* 142 Wis. 49, 124 N. W. 1016. It has also held that permission given to a servant at the close of a day's work to use the master's automobile for the sole purpose of going home and returning to work in the morning did not render the master liable for injuries caused by the servant's negligent operation of the car while so using it. *Gewanski v. Ellsworth,* 166 Wis. 250, 164 N. W. 996. And in *Seidl v. Knop,* 174 Wis. 397, 182 N. W. 980, it held that the master was not liable for the negligence of a servant who digressed from the proper side of the road to pick up plaintiff for a ride, because such act was a violation of the duty to his employer and did not render the latter liable for the servant's negligence in running into plaintiff. The law seems well settled that where a servant without the knowledge or consent of his master picks up a passenger on the road, the master is not liable for any negligence of the servant resulting in injuries to such passenger. See Huddy, Automobiles, p. 818; *Goater v. Klotz,* 279 Pa. St. 392, 124 Atl. 83; *Rolfe v. Hewitt,* 227 N. Y. 486, 125 N. E. 804, 14 A. L. R. 125. It is evident that before there can be actionable negligence on the part of a master he must have breached a duty which he owed the injured party. In the present case the master owed no duty to assist the Dodge car in getting out of the ditch. Therefore the servant in assisting the Dodge car was not engaged in the performance of a service for the master. Had he been, it would have been incumbent upon him to perform such service without negligence resulting in damage to the

injured party.   It has also been held that a master cannot be held liable for the mere courtesy of his servant done outside the scope of his employment.   *Laxton v. Wisconsin S. Co.* 179 Ky. 652, 201 S. W. 15, L. R. A. 1918D, 249. Laudable as the act of the servant may have been in this instance in offering and attempting to assist the disabled car, the act was nevertheless one clearly outside the scope of his employment.   It has been suggested that in such cases the servant is in the employ of the owner of the disabled car.   *McLaughlin v. Pittsburgh R. Co.* 252 Pa. St. 32, 97 Atl. 107.   We therefore concur with the trial court in his finding that the servant in this case was clearly outside the scope of his employment and therefore there was no liability on the part of the defendant to respond in damages.

*By the Court.*—Judgment affirmed.