JOHNSON, Respondent, vs. HOLMEN CANNING COMPANY, Appellant.

*November 12—December 7, 1926.*

*Master and servant: When servant is within scope of his employment: Truck driver for corporation performing errand for manager.*

1. A corporation is not liable for the torts of its servant committed outside the scope of his employment, though it is responsible for torts committed by him within the scope of his employment in furtherance of its business. p. 459.
2. A truck driver for a canning factory, in making a special trip with the company's truck at the direction of the man-

ager to deliver a birthday cake from the manager's home to a railroad station, to be forwarded to his daughter, is not acting within the scope of his employment so as to make the corporation liable for injuries caused by his negligence in the management of the truck during such trip.  p. 460.

APPEAL from a judgment in favor of the plaintiff in the circuit court for La Crosse county: JAMES WICKHAM, Judge. *Reversed, with directions.*

For the appellant there was a brief by *Baldwin & Bosshard* of La Crosse, and oral argument by *C. L. Baldwin.*

For the respondent the cause was submitted on the brief of *Perry & Perry* of Black River Falls, attorneys, and *Higbee & Higbee* of La Crosse, of counsel.

CROWNHART, J.  This is an action to recover damages resulting from personal injuries to the respondent received in an automobile accident.  Respondent was a guest in an automobile which was crowded off the highway by an automobile truck driven by one Walter Hanson, an employee of the appellant company, resulting in injury to the respondent. In the view that we take of this case it is unnecessary to discuss the accident or the injuries.

The jury, in the special verdict, found that the driver of the appellant's truck, at the time of the accident, was engaged as the agent of the appellant in the performance of the appellant's business, and acting within the scope and authority of his employment as such agent.  The appellant contends that the verdict in this respect is contrary to the evidence.

The appellant was the owner and operator of a canning factory in the village of Holmen, some three miles distant from the railroad station of Midway.  It employed Hanson to work around its factory and to drive its truck in connection therewith, and, among other things, to deliver freight from the canning factory to Midway and from Midway to

the canning factory. One Chatham was the general manager of the canning company, and on the day in question directed Hanson to go to Chatham's home with the automobile truck and take a package to the station. Hanson did so. The package contained a birthday cake for Chatham's daughter in Chicago. On the way to the station the accident occurred, by reason of the negligence of Hanson as found by the jury.

It is well settled that a corporation is not liable for the torts of its servant committed outside the scope of his employment. *Miller v. Frank I. Epstein Co.* 185 Wis. 112, 114, 200 N. W. 645. It is equally well settled that a corporation is liable for the torts of its servant committed in the scope of the servant's employment and in the furtherance of the corporation's business. *Morse v. Modern Woodmen of America,* 166 Wis. 194, 198, 164 N. W. 829. The rule is broadly stated in *Steffen v. McNaughton,* 142 Wis. 49, 54, 124 N. W. 1016, in language adopted from a Connecticut case, as follows:

"For all acts done by a servant in obedience to the express orders or direction of the master, or in the execution of the master's business, within the scope of his employment, and for acts in any sense warranted by the express or implied authority conferred upon him, considering the nature of the services required, the instruction given, and the circumstances under which the act is done, the master is responsible." *Ritchie v. Waller,* 63 Conn. 155, 160, 28 Atl. 30.

In the instant case Chatham represented the master, and as managing agent he had authority to do any act on its behalf which was usual and necessary and in the ordinary course of the company's business. 14 A Corp. Jur. 359. The business of the corporation was the operation and management of a canning factory, and as to this work Chatham represented the corporation and spoke for it. But as to matters wholly outside the corporation's business he could not

bind the corporation.   There is nothing in the evidence to indicate that the corporation had any concern or was in any wise interested in delivering a birthday cake from Chatham's home to his daughter in Chicago, and the presumption is to the contrary.   That was a private matter of Chatham's, and the evidence does not show that he had any right to direct Hanson to make delivery of the cake with appellant's truck.   As to that matter he represented himself and not the company.

It appears that Hanson was paid for his day's work by the corporation and that it was not unusual for him to take packages for Chatham from his house to the station.   But it also appears that on this occasion Hanson made the trip specially to deliver the cake, and that he did not deliver any freight for the company or receive any for the company on his return trip.   So far as the evidence discloses, the trip was made solely for the private purpose of Chatham and not for any business of the company.   For this reason the judgment must be reversed.

*By the Court.*—The judgment of the circuit court is reversed, with directions to dismiss the complaint.