## Harrison County Motor Car Company v. Clarke.

(Decided January 28, 1930.)

JOHN J. WILLIAMS for appellant.

RAYMOND CONNELL for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The facts out of which this case grew are the same as the facts found by this court in the case of Bradley et al. v. Clarke, 219 Ky. 438, 293 S. W. 1082. The accident giving rise to the litigation happened on the road between Lexington and Paris, December 10, 1924, about four miles south of Lexington. At that time and place two motor cars were wrecked on the road. Almost immediately thereafter a truck owned by appellant and driven by George Bradley toward Lexington passed the two wrecked cars and turned off of the west side of the road and stopped just south of the wrecked cars. The truck was driven, according to the claim of Bradley, a little east of the center of the road. A few minutes later appellee, in company with others, came upon the scene driving his automobile, and, according to his evidence, he saw the truck and was blinded by its lights not knowing whether it was standing still or moving, and, in attempting to drive around the truck which had been left in the road, he ran onto one of the other wrecked cars with the result that his car was greatly damaged.

Upon a trial of the case a judgment was rendered in favor of appellee for $800. The evidence in the Bradley case mentioned above showed that Bradley was negligent and it was so found by this court. The judgment against Bradley was affirmed. Appellant was not a party to that action. Suit was instituted against it after the decision in the Bradley case.

The appellant defended on the ground that Bradley was not the agent of appellant, or in its employment at the time of the accident. It is here contending that the evidence introduced on the trial showed that Bradley was not in the employment of appellant at the time of

the accident. Therefore, the real question involved on this appeal is whether Bradley was at the time of the accident engaged in his duties as a servant of appellant. Bradley testified that when he reached the point where the wrecked car nearest to Lexington was located he pulled in from the right side of the road where he properly belonged, and that his truck was more on the right side of the center of the road at the time he brought it to a stop, but he admitted that the left wheels of the truck were on the left side of the center of the road. The truck was going south, and its place was on the right side of the road. The witnesses for appellee testified that the truck was on the left side of the road. Some of them placed it within two or three feet of the edge of the left side of the road, thus placing it almost wholly on the wrong side. Bradley saw the wrecked cars, and he stopped to ascertain if there was any assistance that he could render. He was under no duty other than a humanitarian duty to stop. He was driving the truck to Lexington with a load of turkeys. It is argued at length, and with force, by counsel for appellant that, when Bradley saw the wreck and turned the truck to the left side of the road for the purpose of stopping, he left the service of his master immediately when he commenced to turn the truck, and that the master was, therefore, not responsible for the accident, as he was not engaged in the employment of his master, or in the performance of duties for his master when he left the truck on the wrong side of the road.

It is the general rule that the master is not responsible for an injury caused by the servant if the servant is not engaged within the scope of his employment, and in the performance of his duties when his actions, or conduct, result in an injury to another. Louisville Lozier Co. v. Sallee, 167 Ky. 499, 180 S. W. 841; Laxton v. Wisconsin Steel Co., 179 Ky. 652, 201 S. W. 15, L. R. A. 1918D, 249.

The cases cited support the general rule that there can be no actionable negligence unless there is a breach of duty, and that the master cannot be held responsible for the courtesies of a servant when the master is under no duty to extend courtesies, and the servant merely renders them as a favor, or an accommodation. In cases where the servant departs entirely from the instructions of his master and enters upon an enterprise or undertak-

ing of his own, not related to the business of the master, it is true the master cannot be held responsible for resulting injuries caused by the neglect of the servant while not in the performance of duties for the master. We are of the opinion, however, that these opinions would not justify this court in going to the extent of holding that Bradley had so far departed from the duties imposed upon him by the master to relieve the master of responsibility for his negligent act. In driving the truck he was in the employment of the master, and when he stopped the truck he was engaged in the performance of a duty to his master. It was the stopping of the truck partly on the wrong side of the road that resulted in the accident. If this court should hold that the master was not responsible for that negligence, it would be difficult to place the blame on the master for the negligence of his servant if the servant made the slightest departure from the instructions of the master. It could not be held that because the servant was driving the truck on a public highway the master was not responsible if he drove the truck to the left of the center of the road when the master had directed him to keep on the right side of the road. In this case the servant in stopping the truck left it in the road in a position to cause the accident.

Counsel for appellant rely on the case of Miller v. Frank I. Epstein Co., 185 Wis. 112, 200 N. W. 645. The facts in that case are somewhat similar to the facts in this case. A truck driver returning from a trip delivering goods found a car in a ditch unable to get out. He stopped and backed his car into a desired position on the road to haul the car out. He undertook to fasten a rope to the car and attached the rope to the truck so he could pull the car out of the ditch. At that time another car came around a bend in the road and collided with the truck. It was claimed that the driver of the other car was blinded by the lights of the truck and the car in the ditch, and that the truck projected beyond the center of the road and caused the collision. The court held that the master owed no duty to assist the owner of the car in the ditch in getting it out of the ditch, and for that reason the servant in assisting was not engaged in the performance of a service for the master. There is a distinction between that case and this. There the servant had undertaken to use the truck in an undertaking not connected with the business of the master. He was actually using the truck, or making preparations to

use it, in pulling a car out of the ditch. Such is not the case here. Bradley stopped to inquire if there was anything he could do. He made no effort to use the truck that he was driving in aiding the parties whose cars had been wrecked. The evidence leaves the impression that he was acting only in accordance with humane impulses when he stopped to inquire about the situation. He saw the wrecks and those who had been in them, and the simple act of inquiring whether there was any assistance he could render, and the slight turning of the truck from its course, did not take him out of the services of the master, and certainly he had not been so taken out at the time he stopped the truck. That would be drawing the point too fine.

Section 1880, vol. 2, Mechem on Agency, thus states the rule: ''Not every act which an agent or servant may do while he is in the place appointed for the service, or during the time in which he is engaged in the performance, can be deemed to be within the scope of the authority. The test lies deeper than that; it inheres in the relation which the act done bears to the employment. The act cannot be deemed to be within the course of the employment unless upon looking at it, it can be fairly said to be a natural, not disconnected and not extraordinary, part or incident of the service contemplated.''

It is manifest, in the opinion of the court, that the stopping of the truck by Bradley at the place where he stopped it was a natural incident of the service contemplated. It is very true that, if it appears that the agent was seeking his own ends exclusively in pursuit of his own business, or pleasure, the master is not liable for his negligent act if he is acting in matters wholly disconnected from the business of his principal. Under this view of the case the time occupied by the agent in doing the unauthorized act would not be material, but the negligence of Bradley in stopping the truck on the wrong side of the road was not a matter wholly disconnected from the business of his principal.

It follows from what has been said that the verdict of the jury was not against the law or the evidence. Our conclusions are supported by the opinion in the late case of Dennes v. Jefferson Meat Market, 228 Ky. 164, 14 S. W. (2d) 408. It was held in that case that the burden was on the defendant to establish that the servant was not engaged in the business of the master at the time of the accident. 39 C. J. 63 also supports the conclusions

we have reached in announcing this rule: "Where deviation from the course of his employment by the servant is slight, and not unusual, the court may, as a matter of law, find that the servant was still executing his master's business. On the other hand, if the deviation is very marked, and unusual, the court may determine that the servant was not on the master's business, at all, but on his own. Cases falling between these extremes will be regarded as involving a question of fact for the determination of the jury." The evidence in this case does not show that there was a sufficient deviation from the master's business to relieve appellant from responsibility, and the evidence does not establish that the truck was abandoned by Bradley within the legal meaning of that term.

There is some complaint made by appellant about the rejection of evidence offered by it, but this complaint is made on the theory that the burden was on appellee to establish his case and to show that Bradley was acting within the scope of his employment at the time of the accident. We do not find that the court committed any prejudicial error on his ruling on questions of evidence. The only real point in the case insisted on by appellant is that it was not responsible for the result of the accident because Bradley was not engaged in performing a duty for it when he stopped the truck. With that contention we have not agreed. We do not mean to hold that there might not be cases of emergency where the servant might depart temporarily from the business of the master without relieving the master from responsibility for his negligent act.

Judgment affirmed.