MITTLEMAN, Respondent, vs. NASH SALES, INC., imp., Appellant.

*September 17—December 9, 1930.*

*Harry V. Meissner* of Milwaukee, for the appellant.

For the respondent there was a brief by *Fawcett & Dutcher,* attorneys, and *George C. Dutcher* of counsel, all of Milwaukee, and oral argument by *Mr. Dutcher.*

The following opinion was filed October 14, 1930:

OWEN, J. Nash Sales Inc. distributes Nash cars and operates a garage and service station in the city of Milwaukee. It has in its building two separate and distinct gasoline tanks. The opening of the intake pipe through which one of these tanks is filled, is located on the sidewalk on East Wells street. The opening to the other is located in an alley back of the building. At the times hereinafter mentioned, Lindsay-McMillan Company furnished Nash Sales Inc. with gasoline. It was the duty of the Lindsay-McMillan Company to deliver the gasoline into the tanks of Nash Sales Inc.

On the 10th of February, 1928, a truck driver for Lindsay-McMillan Company called at Nash Sales Inc. with a tank of gasoline for the purpose of supplying Nash Sales Inc. with its requirements. He filled one tank through the opening in the sidewalk. He then proposed to back his truck into the alley for the purpose of filling the other tank. For his convenience, and for the purpose of saving time, he requested one Dan Poppert, who was then an employee of Nash Sales Inc., to carry the hose, which extended from the rear of the truck, to the intake, while he was backing

the truck toward the intake in the alley. This saved the driver the trouble of securing the hose while backing his truck. While thus backing, the faucet to which the hose was attached at the rear of the truck accidentally opened, causing gasoline to flow through the hose and onto the sidewalk. The presence of the gasoline on the sidewalk, coupled with freezing temperature, produced a slippery condition which caused plaintiff to slip and fall as she was walking along the sidewalk very shortly thereafter, from which she sustained injuries.

Plaintiff brought this action against Lindsay-McMillan Company and Nash Sales Inc. to recover her damages. Prior to the trial she settled with and released Lindsay-McMillan Company, reserving her right of action against Nash Sales Inc. in accordance with the provisions of ch. 113 of the Statutes. The case went to trial as against Nash Sales Inc., resulting in a special verdict, upon which the court rendered judgment in favor of the plaintiff and against Nash Sales Inc.

The jury found that there was negligence on the part of Poppert in his handling of the gasoline hose at the time in question, which negligence was the proximate cause of plaintiff's injuries, and that at the time of the spilling of the gasoline he was acting within the scope of his employment by Nash Sales Inc.

It is contended that the finding that Poppert was negligent in the manner in which he handled the hose at the time of the spilling of the gasoline, as well as the finding that in handling the hose he was acting within the scope of his employment by Nash Sales Inc., is wholly unsupported by the evidence. If while carrying the hose he was not acting within the scope of his employment by Nash Sales Inc., it becomes unnecessary to inquire whether he was negligent in the manner in which he handled the hose.

In order to make the master responsible for the negligence
of a servant under the doctrine of *respondeat superior,* it
is not sufficient that the act was done during the period of
employment. The act must be one done in the prosecution
of the principal's business, not while stepping aside there-
from to serve a personal or some other end. The element
of stepping aside which is essential to break the nexus be-
tween the master and the servant may be momentary and
needs only a change of mental attitude from that of serving
the master to that of serving a personal or some other end.
This is the principle laid down in *Firemen's Fund Ins. Co.
v. Schreiber,* 150 Wis. 42, 135 N. W. 507. While that
case was decided by a divided court, three Justices dissent-
ing, we find no demurrer to the principle stated. The di-
vision resulted in the application of the principle to the facts
of that case. This principle was applied in *Seidl v. Knop,*
174 Wis. 397, 182 N. W. 980, in an opinion written by
Mr. Chief Justice SIEBECKER, who dissented in *Firemen's
Fund Ins. Co. v. Schreiber, supra,* where it was held that the
driver of a truck was not in the facilitation of his master's
business when he stopped his truck on the wrong side of the
road to pick up one whom he had invited to ride with him,
and that such negligent act was not committed within the
scope of his employment. This principle has been con-
stantly and persistently adhered to in many recent decisions
of this court. *Gewanski v. Ellsworth,* 166 Wis. 250, 164
N. W. 996; *Thomas v. Lockwood Oil Co.* 174 Wis. 486,
182 N. W. 841; *Miller v. Frank I. Epstein Co.* 185 Wis.
112, 200 N. W. 645; *Johnson v. Holmen Canning Co.* 191
Wis. 457, 211 N. W. 157; *Steffen v. McNaughton,* 142
Wis. 49, 124 N. W. 1016.

In this case the delivery of the gasoline into the service
tanks of Nash Sales Inc. was the sole business of the Lind-
say-McMillan Company. The interest of Nash Sales Inc.
was not promoted in the least degree by such movement of

the truck. In carrying the hose Poppert was not promoting the business or the interest of Nash Sales Inc. He was assisting the driver of the truck. Whether he became in that respect or to that extent an employee of Lindsay-McMillan Company so that it would be responsible for his negligent act, we are not called upon to determine. Neither does the fact, if it be a fact, stressed by appellant's counsel, that employees of Nash Sales Inc. usually and customarily extended this friendly service to the driver of the truck, change the situation. In order to render Nash Sales Inc. responsible it must appear that the negligent act occurred while the employee was promoting the business or the interest of Nash Sales Inc. The contract between Nash Sales Inc. and Lindsay-McMillan Company required the latter to deliver gasoline into the service tanks. The former was charged with no duty whatever in connection with such deliveries. The conclusion inevitably follows that the negligence of Poppert, if negligence there was, did not arise within the scope of his employment by Nash Sales Inc., and liability on the part of the defendant cannot be based upon the manner in which he handled the hose.

Liability of the defendant is further sought to be predicated upon an ordinance of the city of Milwaukee, known as sec. 865, which is printed in the margin.[1] In response to

[1] Section 865. It is hereby made unlawful for any person, firm or corporation, or for any officer, member, agent, servant or. employee of any firm or corporation to place, throw or leave any slops, dirty water or other liquid of offensive smell, or otherwise nauseous or unwholesome, or any dead carcass, carrion, meat, fish, entrails, manure or other nauseous or unwholesome matter or substance, or any rubbish, ashes, paper, dirt, stones, bricks, manure, tin cans, boxes, barrels or other substances whatsoever, or to circulate or distribute any circular, hand-bills, cards, posters, dodgers or other printed or advertising matter, or to drain or pour, or to permit to drain or flow oil, kerosene, benzine or other similar oil or oily substance or liquid, in or upon any sidewalk, street, alley, wharf, boat landing, dock or other public place, park or ground, within the city of Milwaukee. Provided, however, that this section

this theory of liability the jury found that a sufficient length of time elapsed between the spilling of the gasoline and the injury to the plaintiff to permit the defendant, in the exercise of ordinary care, to take steps to prevent injury to pedestrians in passing over the walk, and that the failure of the appellant to take such steps was the proximate cause of the plaintiff's injury. While the overwhelming weight of the evidence shows that the gasoline was in fact covered with ashes by the employees of the Nash Sales Inc. with the utmost expedition, we do not consider it necessary to inquire whether this finding is supported by the evidence, for reasons which will hereinafter appear. We may also say in passing that there is a sharp conflict in the evidence as to whether the gasoline was spilled on the sidewalk abutting on appellant's property or the sidewalk abutting on the alley. We have been cited to no cases holding that the appellant is responsible for the condition of the sidewalk abutting on the alley, and if appellant's liability in any event be confined to its responsibility for the condition of the sidewalk abutting its own property, then the verdict does not tell us whether the defect was at that place or on the sidewalk abutting on the alley.

However, this ordinance imposed no duty on the appellant to render the sidewalk safe from the slippery condition caused by the gasoline. This ordinance simply prohibits the doing of certain things. For instance, it prohibits the scattering of hand-bills, posters, dodgers, and other advertising matter. This means simply that the person who scatters such advertising matter on the sidewalks incurs

shall not apply to any garbage, manure, ash boxes or receptacles, which are built and maintained not less than twelve inches above the grade of the alley, nor more than three feet from the line of any lot or parcel of land abutting upon any alley in said city. Said boxes so built and maintained shall be waterproof, and shall at all times be kept securely covered except when depositing or removing the contents therefrom.

the penalty denounced by the ordinance. It does not impose upon the abutting property owner the duty of picking it up. The object sought to be attained by the ordinance evidently is to prevent an unsightly, untidy, and offensive condition of the sidewalks. This is accomplished by penalizing those who offend. There seems to be no intent to accomplish the purpose of the ordinance by imposing upon abutting property owners the duty of cleaning up after offenders of the ordinance. The ordinance specifically relates to oily substances, which no doubt includes gasoline. By its terms it is unlawful to "drain or pour, or to permit to drain or flow oil, kerosene, benzine or other similar oil or oily substance or liquid, in or upon any sidewalk, street, alley, wharf, boat landing," etc. The appellant did not offend against this ordinance. It neither drained gasoline upon the sidewalk nor permitted it to be drained. The gasoline was spilled on the sidewalk by Lindsay-McMillan Company. The appellant certainly was not responsible for the spilling of the gasoline. No duty devolved upon the appellant with reference to the circumstance, unless it was the duty to take steps to prevent injury to pedestrians in passing over the walk. The ordinance in question imposes no such duty, and no attempt is made on the part of respondent to refer such duty to any other provision of law. We find no basis upon which the judgment against the appellant may be sustained.

*By the Court.*—Judgment reversed, and cause remanded with instructions to dismiss the complaint as to the appellant.

A motion for a rehearing was denied, with $25 costs, on December 9, 1930.