## Brady et ux. v. B. & B. Ice Company et al.

(Decided May 19, 1931.)

ARTHUR C. GUNTHER for appellants.

WOODWARD, WARFIELD & HOBSON for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

On the 3d day of October, 1928, appellants instituted a suit against appellee, the B. & B. Ice Company, in the Jefferson circuit court, in which appellant Pinkie Brady sought to recover from it for injuries alleged to have been sustained when she was struck by a motortruck which was, at the time, negligently operated by an agent, servant, and employee of that company. The appellant William Brady sought recovery for the loss of his wife's services because of her alleged injuries.

On the 20th day of October, 1928, appellants filed an amended petition in which it was alleged that appellee Ridley Ice Company was the owner of the motortruck and that at the time of the accident it was being driven by a servant and employee of both companies. When the case was called for trial on the 20th day of February, a second amended petition was filed in which it was alleged that appellee, the Ridley Ice Company, negligently permitted the driver to have the automobile at such times when he was not competent or capable of driving same, and that appellees well knew at all times mentioned in the petition that the driver of the truck was a habitual addict of liquor and remained under the influence therof, and that appellees knew, or by the exercise of ordinary care should have known, of the habits and carelessness of the driver of the truck. The trial resulted in a directed verdict for appellees, and from a judgment based on the verdict, an appeal was prosecuted.

Thereafter, on the 9th day of November, 1929, appellants filed in the Jefferson circuit court a petition against appellees, in which they asked for a new trial on the ground of newly discovered evidence and filed with the petition, as exhibits, affidavits as to what the newly discovered witnesses would state. This newly discovered evidence tended to show the habits of William Loyal, to whom the truck had been lent by the Ridley Ice Company, with respect to the use of intoxicants, and that his habits and character in that respect were known to officers of appellees.

The court sustained a demurrer to the petition and a first and second amended petition met with similar fate. A third amended petition was offered, but the court refused to permit it to be filed, and appellants refusing

to further plead, the petition as amended was dismissed and this appeal was prosecuted.

The judgment in the orignal case has been affirmed in part, reversed in part in an opinion this day handed down by this court, 37 S. W. (2d) ——, and reference is made to that opinion for a more detailed statement of facts. The appeals were heard together, but in order to avoid confusion separate opinions have been written.

In the case of Price's Adm'r v. Thompson, 84 Ky. 219, 1 S. W. 408, 409, 8 Ky. Law Rep. 201, the general rule covering allegations for new trial on the ground of newly discovered evidence is stated to be as follows:

"(1) When for newly-discovered evidence the names of the witnesses who have been discovered appear; (2) that the appellant has been vigilant in preparing his case for trial; (3) that the new facts were discovered after the trial, and would be important; (4) that the evidence discovered will tend to prove facts which were not directly in issue on the trial, or were not then known, nor investigated by the proof; (5) that the new evidence is not merely cumulative." See also Cahill v. Mullins, 101 S. W. 336, 31 Ky. Law Rep. 72; Illinois C. R. R. Co. v. Wilson, 103 S. W. 364, 31 Ky. Law Rep. 793; and other cases cited under section 340, Civil Code of Practice.

It does not appear that appellants were vigilant or used proper diligence in the preparation of their case for trial, as there were no allegations as to the habits of the driver of the truck with reference to the use of intoxicants until they filed their second amended petition when the case was called for trial, nor does the petition for a new trial disclose such diligence as would, in our opinion, authorize a reversal of the judgment of the court below. Since appellants introduced evidence as to the habits of the driver with reference to the use of intoxicants and as to the knowledge of appellees as to his habits in that regard, the evidence of the newly discovered witnesses would be in its nature merely cumulative.

For the reasons indicated, the judgment is affirmed.