# Bringardner Lumber Co. v. Middleton.

Jan. 10, 1939.

WILLIAM SAMPSON for appellant.

J. K. BEASLEY and J. L. DAVIS for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Dewey Middleton, a minor, suing by his father and next friend, Dave Middleton, has recovered judgment against the Bringardner Lumber Company, a corporation, in the sum of $500 for personal injuries and the latter is appealing.

Appellee alleged in his petition in substance that in April, 1936, while working as an employee of appellant and in the discharge of his duties in preparing and bundling cap-boards, his hand came in contact with a circular saw, resulting in the loss of his left thumb and severe and permanent injury to all of the fingers on his left hand; that such injuries were due to the gross carelessness and negligence of appellant and its agents, servants, and employees, superior to appellee in authority,

in that the saw and machinery were defective and unsafe and were not sufficiently protected by guards or other devices so as to protect employees and such condition was known to appellant or could have been known to it by the use of ordinary care but was unknown to appellee and could not have been known to him by the use of ordinary care.

There is no statement or allegation in the petition as to the sum or amount of the damages sustained by appellant, but the prayer of the petition is for damages in the sum of $5,000. A demurrer to the petition was overruled and by answer appellant made a general denial of the material allegations thereof and further alleged contributory negligence upon the part of appellee and other defenses not necessary to enumerate. A traverse of the affirmative allegations of the answer completed the issues.

It is first argued in substance by appellant that since the action is for damages under an alleged violation of section 331a-10, Kentucky Statutes, neither the pleadings nor the proof justified the submission of the case to the jury nor the instructions given and therefore the court should have sustained appellant's motion for a directed verdict in its favor. It is asserted that the petition is defective and appellant's motion for a peremptory instruction should have been sustained because (1) there is no allegation in the body of the petition as to the amount of damages sustained by appellee; and (2) it is not alleged that the saw and other machinery was "palpably dangerous."

There is a dearth of authority on the first proposition and it is not difficult to understand why this is so, since the general and prevailing conception of good pleading is that the sum or amount of damages sustained should be stated in the body of the petition. In Luby v. Bennett, 111 Wis. 613, 87 N. W. 804, 56 L. R. A. 261, 87 Am. St. Rep. 897, contention was made that the complaint or petition was insufficient in that it contained no allegations that the plaintiff was damaged by the loss complained of to a specified amount. The court refused to sustain such contention "on the well-settled principle that, where the damages are necesarily inferable from the fact alleged, the statement of such facts sufficiently stated the damages." [Page 809.] And in Metcalf v. Nelson, 8 S. D. 87, 65 N. W. 911, 59 Am. St. Rep. 746, it

is said in effect that where the petition shows a right in the plaintiff and a violation of it by the defendant, it states facts which, if proved, would entitle plaintiff to at least nominal damages, and the question as to whether he ought to recover more is for him to demonstrate in the trial court.

In 49 C. J. page 146, it is said in part: "The prayer for damages has been regarded as equivalent of a statement in the complaint as to the amount of damages which the plaintiff has sustained." The quoted excerpt is fully sustained by Westervelt v. McCullough, 68 Cal. App. 198, 228 P. 734, and other cases cited in footnotes. See also 15 Am. Jur. page 750, section 307. No cases are cited by either of the parties that are in point. However, there are a number of domestic cases holding that special damages such as expenses incurred for medicines, medical treatment, etc. must be specifically proven to authorize recovery but we find no such cases relating to general damages.

Considering the prayer in connection with the petition, appellant was not misled and was apprised of the maximum sum sought to be recovered and therefore he was limited by the prayer of the petition. While the petition in the particular indicated violates prevailing ideas of good pleading, the authorities cited clearly indicate that it was not fatally defective in that respect. Nor do we think the pleading fatally defective in the other particulars urged. The petition alleged that the saw and other machinery were in a dangerous and defective condition and were not properly safeguarded to avoid injuring the employees. It is a matter of common knowledge that such a saw is inherently and palpably dangerous. The evidence is conflicting as to whether the saw and machinery were equipped with proper and necessary safety devices as required by section 331a-10 of the statutes. The saw in question was stationed in an aperture or slit in a table with a box underneath to catch the sawdust. The cap-boards from this saw would slide down a sloping lid or surface onto the table where they were placed in bundles of a given number and fastened together with a wire. It was the duty of appellee to bundle the cap-boards. This sloping portion of the box was at least partially covered by a piece of tin which it appears in evidence could be raised from the lower edge. There is a conflict in evidence as to whether

the tin covered the entire top of the box and would have to be raised in order to get into it. The evidence of appellee indicates that there was an opening through which some of the cap-board would fall into the box and when this happened it was appellee's duty to reach in and get them. In doing so at one time a board was caught by the teeth of the saw and his hand pulled into the saw resulting in the loss of his thumb and the damage to his fingers and hand. Appellant introduced in evidence a picture of the saw and box but the evidence shows that the box had been enlarged and there is a wide piece of heavy belting now replacing the tin. There is a sharp conflict in evidence as to whether the condition of the box after it had been enlarged was practically the same as it was when appellee sustained his injuries. The portion of the saw extending below the table and into the box had no safeguard to prevent the hand of one reaching into the box from coming in contact with it. There is also a conflict in evidence as to whether it could be properly safeguarded without interfering with its proper use and efficiency. It is therefore apparent that the evidence made an issue which should have been and was properly submitted to the jury. The conclusion is inescapable that the court did not err in overruling appellant's motion for a peremptory instruction.

A number of instructions were offered by appellant and it is contended that the court erred in not giving these instructions and that the instructions given were erroneous. No good purpose would be served by setting out at length the offered and given instructions. It is sufficient to say that the instructions given submitted every issue made by pleading and proof and on the whole were more favorable to appellant than it was entitled to.

Appellant offered to file an amended answer to conform to the proof and alleging that Hendricks who was sawing the cap-boards was an independent contractor and appellee was employed and paid by him and not by appellant; that the court erred in not permitting this amended pleading to be filed or in not giving instructions on that theory of the case under it denial that appellee was employed by it. The proof on that question merely shows that Hendricks was employed by appellant to saw cap-boards and that his compensation was fixed at so much per thousand boards sawed and not by

the day. The fact that he was paid by the piece and not by the day did not make him an independent contractor and the evidence as a whole signally fails to sustain the contention that he was an independent contractor and not an employee of appellant. However, from a reading of the statute it is to be doubted if this question is in fact material since it apparently imposes liability on the owner where one under 21 years of age is injured in the plant by machinery operated in violation of the statutes without regard to whether he is employed by the owner. However, in the circumstances it is unnecessary to determine that question.

Judgment affirmed.