## Midland Baking Co. et al. v. Kitchen.

Dec. 18, 1942.

R. T. Kennard, G. W. E. Wolfford and A. C. Jarvis for appellants. Thomas S. Yates and W. W. Jaynes for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The appellee recovered a judgment for $1,500 for the death of Larry Kitchen, his infant son, who was killed in a collision between an automobile and a delivery truck of the Midland Baking Company operated by

Louie Stevens. The accident occurred shortly after nightfall while the truck was parked on the left side of the highway facing west, that is, facing the automobile which was being driven eastwardly on the right side. Woodrow Kitchen, the owner of the car, and Paris Bailey, a guest, occupied the back seat, and the infant and his mother occupied the front seat with Charles Burchett, also a guest, who was driving the car. According to the occupants of the car, the truck, two-thirds of it on the concrete or main traveled portion of the highway was standing about 75 feet below the brow of the hill over which the car passed and did not become visible to the car's occupants until too late for them to have avoided the collision.

The evidence for the appellants indicated that the truck, though parked on the wrong side of the road, was entirely off the concrete or traveled portion. Also, that the occupants of the car, including Burchett, had been drinking, and that shortly before the accident the car was seen zigzagging from one side of the road to the other. On the other hand, there was strong evidence that none of the car's occupants had drunk intoxicating liquor. Burchett testified that the headlights of the car were burning brightly, while appellants' witnesses stated that the car was without lights. There was some evidence that the truck was without lights, and the inference to be drawn from the testimony of one of appellant's witnesses, who passed the parked truck shortly before the accident, is that only the taillight was burning. The instructions given by the Court, while incomplete and prejudicial to the appellants, were not excepted to. On this record we are asked to reverse the judgment (1) because the verdict is against the weight of the evidence, (2) because the Court erred in overruling appellants' demurrer to the petition, and (3) because of newly discovered evidence.

In disposing of ground (1), it is unnecessary to add to what we have said above, other than that while we might not have agreed with the jury's conclusion on the issues presented, it was not so flagrantly against the weight of the evidence as to authorize us to set it aside.

The petition failed to allege that the estate of the decedent was damaged by reason of his death, except to the extent of "$—— funeral bill and expenses." However, the prayer was for "$10,000.00, for the death of the

said Larry Kitchen and the further sum of $——, funeral expenses, for his costs and all proper relief.'' The failure of appellee to allege that the estate of his decedent had been damaged in a specific or any amount is the basis of appellants' claim that the petition did not state a cause of action. Conceding that the omission violated the tenets of good pleading, the petition was, nevertheless, sufficient as against a demurrer, since damages, even though nominal in amount, were necessarily inferrible from the facts alleged, and the prayer apprised the appellants of the amount claimed. Bringardner Lumber Co. v. Middletown, 276 Ky. 247, 124 S. W. (2d) 52.

The newly discovered evidence consists of testimony disclosed in the affidavit of one James A. Baker·that he and his wife saw the appellant, Stevens, park the truck at the side of the road approximately two feet off the concrete, and that later they were passed by the Kitchen car which ''was being operated in a reckless manner and was being driven from one side of the main highway to the other.'' Not only was this testimony merely cumulative, but no reason for its not having been discovered prior to the trial is disclosed. Moreover, Baker's affidavit, which was filed in support of the motion for a new trial, shows that he and his wife, when they passed the parked truck, were with Elmer Nolan who had testified for appellants at the trial as to the position of the truck. The record contains no statement from appellants' counsel as to the diligence used in procuring witnesses, and the motion for a new trial merely stated, after setting forth a synopsis of the allegedly newly discovered evidence, that ''the defendants did not discover this evidence until after the trial, and could not with due diligence have discovered same.''

For the reasons given, we are compelled to hold that appellants were not entitled to a new trial on the ground of newly discovered evidence. Among the numerous authorities necessitating this conclusion, may be cited Brady et ux. v. B. & B. Ice Co. et al., 239 Ky. 170, 39 S. W. (2d) 252; Cahill v. Mullins et al., Ky., 101 S. W. 336.

Judgment affirmed.