## Brock v. Bennett et al.

March 21, 1947.

J. S. Forester, Judge.

G. E. Reams for appellant.

J. B. Wall for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

After nightfall on December 2, 1945, the appellant, plaintiff below, Frank Brock, was operating his automobile over the highway between Cumberland, Kentucky and Harlan, Kentucky. Somewhere enroute (in Harlan County) after passing over the brow of a hill for some

150 feet his automobile ran off the highway into the ditch on his right side. Directly thereafter a duly licensed taxicab in the name of one of the appellees, Frank Bennett—the sole occupant and driver being one Herman Jackson—arrived at the scene. Jackson stopped his taxi to inquire into the accident and if possible aid appellant in getting his car back on the highway, culminating in his agreement to attach his taxicab to the appellant's automobile and pull it back onto the traveled surface. Preparations were being made for the accomplishment of that purpose when an automobile driven by one Carl Campbell traveling the highway in the same direction as was plaintiff, came over the brow of the hill and collided with the rear part of appellant's car and likewise collided with him producing personal injuries and damages to his automobile.

On April 15, 1946, appellant filed this action against Bennett and Jackson—the one being the alleged owner of the taxi and the other his employed driver—by which he sought to recover judgment against the defendants for $16,740 as damages accruing from his personal injuries and the further sum of $650 damages to his automobile.

As grounds for the recovery he alleged that he employed Jackson to extricate his automobile from the ditch and that he agreed to and did undertake the job on his own supervision, but that he, in rendering the services, negligently and carelessly did so by obstructing with his taxicab the traveled portion of the highway so as to prevent other travelers from passing, and that Campbell after arriving at the brow of the hill 150 feet to the rear, though operating his auto in a careful, prudent and legal manner, was unable to stop his car before colliding with appellant and his ditched automobile; that Jackson as the chauffeur and operator of Bennett's taxicab failed to put out signals so as to warn travelers on the highway of the local condition surrounding plaintiff's automobile, and that such negligence on his part was the proximate cause of the collision and consequent injuries and damages herein sought to be recovered.

The above outline of the averments of appellant's petition, after amending it, is the substance of plaintiff's pleading, though stated by him with more elabora-

tion, as well as repetition. The court sustained a demurrer thereto and upon plaintiff failing to plead further his action was dismissed, from which he prosecutes this appeal.

The argument of plaintiff's counsel for a reversal of the judgment is founded upon the provision of section 189.450, KRS, which says, in part: "No person shall stop a vehicle, leave it standing or cause or permit it to stop or to be left standing upon the main traveled portion of a highway that is not a city street for the purpose of making repairs on it. * * *".

The section contains exceptions to that inhibition of certain specified cases, none of which apply to the facts of this case as to the rights of Jackson, the taxicab driver. As showing the applicability of the inserted portion of the above excerpts from that statutory provision counsel cites and relies on the cases of Bradley v. Clarke, 219 Ky. 438, 293 S. W. 1082; Lexington-Hazard Express Co. v. Umberger, 243 Ky. 419, 48 S. W. 2d 1066; Tucker v. Ragland-Potter Co., 285 Ky. 533, 148 S. W. 2d 691, and Midland Baking Co. v. Kitchen, 293 Ky. 160, 168 S. W. 2d 372. A later one to the same effect, but not cited by counsel, is Hickman v. Strunk, 303 Ky. 397, 197 S. W. 2d 442.

In each of those cases the plaintiffs were travelers on the highway, and the aiders and assistants in rescuing the disabled automobiles had negligently left their vehicles on the traveled portions of the highway, or placed other obstruction on the highway so as to prevent other travelers thereon from passing; and because of which the latter collided with such obstructions and sustained the damages which plaintiffs therein sought to recover from such aiders and assistants so obstructing the highway. We have no such case here, and we have no trouble in distinguishing the facts of those cases from those appearing in this one.

The plaintiffs in those cases were not present when the alleged negligent acts of defendant were perpetrated. None of them had an opportunity to make suggestions or to interpose objections to anything being done, or the manner in which it was done by the one rendering such assistance. If it were the duty of Jackson in performing the services he was attempting to render, to

put out flags or other warning signals to prevent a collision by approaching automobiles, it was equally incumbent upon plaintiff, who was present, to do so. He at least acquiesced in what Jackson was doing and the manner of his performing it. To hold otherwise would say, in effect, that under the circumstances indicated, even though Jackson had been employed at a stipulated compensation to render the services he undertook to perform, that an employer, when present and witnessing everything that is being done by his employee and the method by which it is done should nevertheless be exonerated from his failure to exercise the required care for the safety of travelers on the highway because of his agreement with his employer to remain silent and passive during the rendition of the service, but which counsel for appellant contends should receive this court's approval in this case, although no court so far as we are advised has ever so held.

There is no allegation anywhere by plaintiff that he offered any safety suggestions which Jackson refused, or that he ever attempted himself to place signals warning other travelers of the danger ahead, or that he did anything to ward off any such possible collision as did happen. The situation, therefore, becomes one where plaintiff himself was grossly negligent and responsibly careless in failing to pursue the course that an ordinarily prudent person would do to prevent such an accident. It follows, therefore, that the court did not err in sustaining the demurrer to the petition as against even Jackson, the servant of his codefendant, Bennett, for his alleged negligence in performing the services he undertook.

In no event is the defendant, Bennett, liable in this case since, according to the allegations of the petition, he was engaged in the taxi business, and on the occasion in question the taxi was being operated by his servant, Jackson. Bennett, of course, was not present and did not in person agree for his servant to depart from his master's service and to enter upon any such rescuing effort. It requires no argument to show that Jackson undertook to perform services entirely outside of his duties as the driver of a taxicab for his master. The law is well settled that the acts of the servant are not binding on the master in such circumstances, and that

he is not liable for the acts of his servant while thus departing from his duties to his master. It becomes entirely unnecessary, therefore, to fortify the proposition with court adjudication or text authorities.

It is therefore clear that the plaintiff's pleadings stated no cause of action whatever against Bennett. No course, therefore, was open to the court except to sustain defendants' demurrer to the petition and to dismiss it on failure of plaintiff to plead further. Its action in so doing is affirmed.