**SPRADLEY et al.**

v.

**UNITED STATES.**

No. 2357.

United States District Court
D. New Mexico.

Feb. 20, 1954.

Richard C. Civerolo, Albuquerque, N. M., for plaintiff.

James A. Borland, Asst. U. S. Atty., Albuquerque, N. M., for defendant.

WALLACE, District Judge.

The plaintiffs, Wilton E. Spradley and Farmers Insurance Exchange, bring this action against the United States pursuant to the Federal Tort Claims Act [1]

1. 28 U.S.C.A. § 1346.

to recover for loss suffered when an automobile owned by plaintiff Spradley and insured by plaintiff Farmers Insurance was damaged in a collision with a United States Airforce truck.[2]

The accident in question occurred some 16 miles south of Santa Fe, New Mexico, on the road to Albuquerque, when the automobile driven by Spradley while proceeding in a southerly direction collided with the said government truck which was in the act of turning around on the highway.

The case was tried to the Court, without a jury. At the close of the evidence the Court ruled from the bench that the sole proximate cause of the accident was the negligence of the corporal driving the government truck;[3] however, the Court took under advisement the single issue of whether or not the driver of the government truck was acting within the scope of his employment at the time of the accident thus making the United States liable for his negligence.[4]

Insofar as the issue under advisement is concerned, the evidence disclosed the following facts:

1. The two government employees while returning to the airforce base with government supplies and while driving in a southerly direction stopped to aid a civilian car which had stalled along side the road.

2. The driver of the government truck returned to Santa Fe, some 16 miles, and purchased a fuel pump for the civilian's car.

3. The driver of the government truck and his soldier companion assisted the civilian in installing the fuel pump and in so doing observed that a new flexible conduit was needed to complete the installation.

4. When the driver of the government truck was in the process of backing across the highway in order to turn around and head in a northerly direction toward Santa Fe to go in search of the needed flexible conduit, plaintiff Spradley topped the hill and struck the truck.

Although the New Mexico Court has not been called upon to express itself in regard to the precise issue in question, this Court is satisfied from the unconflicting authorities of other jurisdictions that upon substantive law principles the driver of the instant truck had varied sufficiently from official government business to remove his actions from within the scope of government employment; and, that at the time of this accident the driver of the government truck was engaged in a personal activity, completely independent from government duties.

No exact definition can be expressed in regard to just what constitutes a turning away from the master's business; and each individual case must be resolved in light of the particular facts.[5] However, previous decisions

---

2. Spradley received from Farmers Insurance the sum of $1,281 under the terms of a $50 deductible policy. Thus, Farmers Insurance, as subrogee, sues to recover $1,081, the amount less salvage it paid the insured under the policy; the insured Spradley sues to recover the $50 loss he suffered under the deductible provision.

3. The accident occurred about 10:30 p.m. at a time and place where Spradley had just topped a hill while traveling some 50 miles per hour; the government truck had backed out on the highway in the process of turning around and was struck by Spradley's car due to no negligence on the part of Spradley.

4. As provided in the Federal Tort Claims Act: "(b) * * * the district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused *by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.*" 28 U.S.C.A. § 1346 (b). (Emphasis supplied.)

5. As aptly observed in 45 A.L.R. 483: "In determining whether or not liability exists under given circumstances, no hard and fast rule on the subject, either of time

dealing with the condition wherein an employee or servant goes to the aid of a fellow traveler project clearly the applicable principles.

■ Where the servant, while traveling in pursuit of his master's business, is guilty of negligence in stopping on or near the highway, even for the purpose of inquiring whether aid or assistance can be rendered another vehicle in distress, the negligence is so closely related to the master's task, and route to be followed in the execution thereof that the servant is deemed to be within the scope of his employment;[6] thus, the doctrine of respondeat superior can be invoked.

■ However, where the servant actually turns away from the master's business and changes the course of the vehicle, unmistakably appropriating the vehicle for a use unrelated to the master's interest and for the exclusive purpose of aiding a third person in distress, such a deviation amounts to a temporary leaving of the scope of employment and the immediate succeeding acts are not chargeable to the master.

The just-mentioned distinction is recognized without exception in various jurisdictions. The Wisconsin Court, in the case of Miller v. Frank I. Epstein Company held that the action of a servant in attempting to help a disabled car out of a ditch was an act outside the scope of his employment and thus relieved the master of any liability.[7] The identical principle was observed by the Kentucky Court in Brock v. Bennett wherein it was held that no cause of action had been stated against the owner of

or space, can be applied; the choice of a different way back by the driver does not, as a matter of law, constitute an abandonment of the master's work. Courts will not be limited by tests that are merely mechanical or formal; and its judgment, though it may be guided by location, time, and space, will not be controlled by such circumstances, if there are others that characterize the intent of the transaction."

6. "* * * In driving the truck he was in the employment of the master, and when he stopped the truck he was engaged in the performance of a duty to his master. It was the stopping of the truck partly on the wrong side of the road that resulted in the accident. If this court should hold that the master was not responsible for that negligence, it would be difficult to place the blame on the master for the negligence of his servant if the servant made the slightest departure from the instructions of the master. It could not be held that because the servant was driving the truck on a public highway the master was not responsible if he drove the truck to the left of the center of the road when the master had directed him to keep on the right side of the road. In this case the servant in stopping the truck left it in the road in a position to cause the accident." Harrison County Motor Car Co. v. Clarke, 1930, 232 Ky. 820, 24 S.W.2d 595, 596. Accord, see Boalbey v. Smith, 1950, 339 Ill.App. 466, 90 N.E.2d 238,

239, where driver of defendant's truck while driving along highway on defendant's business stopped the truck to go to aid of injured motorists and wherein the Court held the driver was acting within the "scope of * * * employment" and that defendant could be held liable for injuries sustained by occupants of automobile which crashed into rear of standing truck, inasmuch as driver was guilty of negligence in improperly stopping truck on traveled portion of highway. Cf. Olson Drilling Co. v. Industrial Commission, 1944, 386 Ill. 402, 54 N.E.2d 452; Puttkammer v. Industrial Commission, 1939, 371 Ill. 497, 21 N.E.2d 575.

7. 1924, 185 Wis. 112, 200 N.W. 645. At page 646 of 200 N.W. the Court reasoned: It is evident that, before there can be actionable negligence on the part of a master, he must have breached a duty which he owed the injured party. In the present case the master owed no duty to assist the Dodge car in getting out of the ditch. Therefore the servant in assisting the Dodge car was not engaged in the performance of a service for the master. Had he been, it would have been incumbent upon him to perform such service without negligence resulting in damage to the injured party. * * *" Significantly, this Wisconsin case was expressly referred to and distinguished by the Kentucky Court in the Harrison County Motor Car Co. case, footnote 6, supra, 24 S.W.2d at page 597.

a cab, where the complaint alleged that the cab driver employee while passing by, had been hired by a motorist to assist in getting the motorist's car out of ditch and in so assisting negligently blocked part of the highway.[8] Likewise, the Texas Court in Bragg v. Hughes held that the owner of a truck was not liable for the negligence of his employee who carelessly detached and left on the highway a disabled truck which was being towed and proceeded to help pull an automobile out of a roadside ditch.[9]

In the instant case the driver of the government truck clearly deviated from official government business when he returned to Santa Fe to purchase the fuel pump previously mentioned. In addition, any question in regard to whether the soldier had resumed the pursuit of government business is dispelled by the fact he was in the act of again turning around toward Santa Fe to purchase a flexible cable needed to complete the installation of the fuel pump in aid of the stranded motorist at the very time the collision in question occurred.

The government cannot be held legally responsible for negligent acts of its servant done outside the scope of the servant's official employment.

Counsel should submit a journal entry to conform with this opinion within 15 days.

---

8. 1947, 304 Ky. 338, 200 S.W.2d 745. As pointed out at page 747 of 200 S.W.2d: "In no event is the defendant, Bennett, liable in this case since, according to the allegations of the petition, he was engaged in the taxi business, and on the occasion in question the taxi was being operated by his servant, Jackson. Bennett, of course, was not present and did not in person agree for his servant to depart from his master's service and to enter upon any such rescuing effort. It requires no argument to show that Jackson undertook to perform services entirely outside of his duties as the driver of a taxicab for his master. The law is well settled that the acts of the servant are not binding on the master in such circumstances, and that he is not liable for the acts of his servant while thus departing from his duties to his master. * * * *"

9. Tex.Civ.App., 1932, 53 S.W.2d 151. At page 154 of 53 S.W.2d the Court said: "* * * appellee cannot be held liable for the damage caused by the negligence of appellee's employees while they were engaged in rescuing the Ford car from the ditch alongside the highway. In engaging in this undertaking, laudable and commendable as it must be held, they were not acting in furtherance of the interest of their employer in the business in which they were employed to serve."