## Patrick Henry Council No. 180, United American Mechanics v. Cisco et al.

(Decided Feb. 8, 1938.)

J. B. EVERSOLE and S. M. WARD for appellant.

E. C. WOOTON, JESSE MORGAN and F. J. EVERSOLE for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

F. L. Cisco, liquidating agent and special deputy banking commissioner, brought this suit against the Patrick Henry Council No. 180, Junior Order United American Mechanics of Hazard, Ky., and its trustees, to recover a balance of $4,700 alleged to be due on two notes, and to enforce the mortgage lien securing the same. The Junior Order defended on the ground of fraud, want of consideration, and lack of authority on the part of those executing the mortgage. The special judge appointed to hear the case rendered judgment in favor of plaintiff for $3,700 with 6 per cent. interest from May 12, 1929, and ordered a sale of the mortgaged property. The Junior Order appeals.

On February 28, 1919, the Junior Order purchased a lot in Hazard from Dr. A. M. Gross. The consideration was $1,200, $200 payable in cash and the balance represented by five notes payable over a series of years.

On May 16, 1921, the trustees of the Junior Order executed on behalf of the Council a note for $5,100 to the Hazard Bank & Trust Company, and a note for $1,600 to the Perry County State Bank. At the same time they executed to the two banks a mortgage to secure the two notes. In April, 1928, the two banks were merged under the name of Perry Bank & Trust Company. In the meantime there had been payments on and several renewals of the two notes. On November 12, 1928, a renewal note for the balance of $4,700 due on the two notes payable six months from date was executed by the trustees and delivered to the consolidated banks. After the last renewal, the Perry Bank & Trust Company closed, and no further payments were made on the note.

It may be doubted if the evidence was sufficient to show a lack of authority on the part of those executing the mortgage. The oral testimony is very unsatisfactory. There was introduced in evidence not the entire constitution and by-laws of the Council, but only

certain sections bearing on the duties of certain officers, including the trustees. No provision of the constitution concerning the purchase or mortgage of real estate was put in evidence. J. H. Hammond, former state councilor, and at the time he testified national representative of the Junior Order, stated that it was his understanding that the property had to be transferred by the board of trustees and confirmed by the Council. The mortgage itself was executed and acknowledged on behalf of the Council by W. O. Davis, J. H. Francis, and Joe Lawson, "duly authorized and acting trustees of said lodge, and who have been appointed by the said lodge to make this mortgage, and directed by same so to do." Strange to say, all the minutes of the Council between September 18, 1920, and March 15, 1922, and therefore covering the time when the mortgage was executed, have been torn from the minute book. But even if it be conceded that those who executed the mortgage were not authorized by the Council, we have the following situation: The building on the lot purchased by the Order cost in the neighborhood of $7,000. It is clear that the Council had no means with which to pay for the construction of the building, and that the money borrowed from the bank at least to the extent of $3,700, as found by the chancellor, was used for that purpose. On completion of the building the lower floor was rented out and the upper story was used and occupied by the Council for many years. Several payments were made on the notes. We are therefore constrained to hold that the action of those who executed the notes and mortgage was fully approved and ratified by the lodge.

It is claimed on behalf of the liquidating agent that the judgment should have gone for $4,700. In reply to this contention, it is sufficient to say that the liquidating agent has not prosecuted a cross-appeal from the judgment, and his right to the additional recovery is not before us.

Judgment affirmed.