# Cisco et al. v. Gross et al.

Jan. 16, 1940.

Mervin K. Eblen for appellants.

Paul Gross and Scott E. Duff for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This case involves the granting of a new trial on the ground of newly discovered evidence. Section 340, subsection 7, and Section 344, Civil Code of Practice. The litigation over the subject matter arose in 1929, when the appellant Cisco, as liquidating agent for the Perry Bank & Trust Company, brought suit against the Patrick Henry Council No. 180, Junior Order of United American Mechanics, Hazard, Ky., to recover the balance due on two notes. The Lodge defended on the ground of fraud, want of consideration and lack of authority on the part of those executing the mortgages to secure the notes. In 1934, Dr. A. M. Gross and Emma Gross filed a joint intervening petition in that suit in which they attempted to assert a lien against the Lodge property by reason of a purchase money lien retained in a deed conveying the land to the Lodge on which it erected a building. In October, 1936, a special judge rendered judgment denying the relief sought by the Grosses. The 1936 judgment was favorable to Cisco, in-

sofar as a part of his claim against the Lodge was concerned. The Lodge and the Grosses were granted appeals, but only the appeal of the former was perfected. The judgment against the Lodge was affirmed in the case of Patrick Henry Council No. 180 v. Cisco, 273 Ky. 285, 116 S. W. (2d) 336.

The appellant, K. N. Salyer, comes into the picture by virtue of his having purchased the remaining assets of the Perry Bank & Trust Company from Cisco on March 28, 1939. On October 5, 1938, the Grosses filed their petition for a new trial. This was five days before the property was to be sold under Cisco's judgment against the Lodge. Other pleadings were filed, but we do not deem it necessary to discuss them, in view of the fact that the sole question before us is, whether or not the special judge (the same judge who rendered the judgment in 1936) erred in granting the Grosses a new trial?

In their second amended petition the Grosses alleged that, within 30 or 40 days before they filed their petition for a new trial, and within less than three years from the rendition of the judgment in 1936, they had discovered new evidence in the case, which they could not, by the exercise of reasonable diligence or any diligence, have known or discovered before said time, and that "certain evidence material to this case was not known or discovered by them until the 13th and 14th days of December, 1938, when the court was hearing evidence in the matter of a new trial in this case and that the evidence so discovered by them is decisive of the questions and adjudication of the questions involved in this case."

In the first trial there was evidence to the effect that the Gross notes had been paid off sometime around 1920 or 1921. In support of the petition for a new trial Dr. Gross testified that he had a transaction with Tilton Combs under which he borrowed $1,000 from him in 1925, and that he gave Combs three $200 notes against the Lodge and some bank stock as security for the loan. Combs' affidavit was in support of this transaction. In brief, it was Gross's position that he had failed to recall this transaction at the time of the first trial. He testified on cross examination, however, that:

"11. Do you recall now whether or not you gave as many as three of these notes to Brewer and the

members of the lodge, and since they only paid for two, that you tried to get one back, but never could get it back? A. No. I don't remember anything like that. I tried to collect the notes.

"12. And you think that you had three of the notes left, do you? A. Yes, I know I had three notes all the time except what time I left them at the bank and with Tilton.

"13. It was some fifteen years from the time that these notes were given to you and the time you filed your intervening petition in this case? A. Yes, sir.

"14. And during that fifteen years, you had never instituted any suit of any kind to collect these notes? A. No, sir.

"15. During the trial of that case, did it ever occur to you that these notes were at one time with Tilton Combs? A. Well, like I said a while ago, I don't definitely recall; never thought it was necessary, except I knew I didn't have the notes. The biggest thing I was embarrassed about—I probably did think of it, but didn't think it was necessary. I know I mentioned it to one of my attorneys in the next few days after I gave my deposition, and I guess I thought of it at the time and didn't think it was necessary; and I told one of the attorneys and he said it wouldn't be necessary, and I think I told him before the judgment was entered."

In the case of Brady v. B. & B. Ice Company, 239 Ky. 170, 39 S. W. (2d) 252, 253, the Court quoted from the case of Price's Adm'r v. Thompson, 84 Ky. 219, 1 S. W. 408, 8 Ky. Law Rep. 201, in setting forth the general rule governing the allegations for a new trial on the ground of newly discovered evidence. The rule is stated thusly:

"(1) When for newly-discovered evidence, the names of the witnesses who have been discovered appear; (2) that the appellant has been vigilant in preparing his case for trial; (3) that the new facts were discovered after the trial, and would be important; (4) that the evidence discovered will tend to prove facts which were not directly in issue on the trial, or were not then known, nor investigated by the proof; (5) that the new evidence is not

merely cumulative." See also Jones v. Gardner, 262 Ky. 812, 91 S. W. (2d) 520, and Grigsby v. Grigsby, 249 Ky. 727, 61 S. W. (2d) 605.

It is obvious from the part of Dr. Gross' testimony quoted above that the alleged newly discovered evidence does not meet the requirements of the genral rule just stated. It does not appear that the Grosses used due diligence in the preparation of their case. Furthermore, it appears that Dr. Gross recalled at the time of the first trial, or shortly thereafter, the transaction under which he says he borrowed the money from Combs. It can be seen, therefore, that the petition seeking a new trial was not filed in the time prescribed by the Code, to say nothing of the question of whether the alleged newly discovered evidence is the character of evidence necessary for the granting of a new trial.

Judgment reversed with directions to enter a judgment in conformity with this opinion.