# Whitaker v. Whitaker.

April 29, 1941.

Earl R. Cooper for appellant.

W. R. Prater and E. E. Arnett for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The parties to this action were made defendants in a declaratory judgment proceeding instituted by the trustee of the Inland Gas Corporation in the Magoffin circuit court in March, 1938. The trustee sought an adjudication of his rights, and advice as to whom certain gas royalties should be paid. The defendants in that action, children of T. B. and Cynthia Whitaker, answered, setting up their respective claims. Willie Whittaker prayed that he be adjudged the exclusive ownership of all the royalties ($300 a year) being paid by the Inland Company by virtue of a division deed executed to him by his parents in August, 1918, and, in the event that could not be done, that he be adjudged the owner and entitled to one-half of the royalties ($300 a year) being paid by the Kentucky-West Virginia Gas Company by virtue of a lease on a tract of land conveyed to his brother, Alex, by his parents, allegedly, in November, 1930. Alex Whitaker prayed that he be adjudged the owner and entitled to one-half the royalties being paid by the Inland Company. No proof was taken, and upon submission of the case it was adjudged that the Inland Company pay one-half the royalties to Alex and one-half to Willie throughout the period of the lease, and that after that time Alex and Willie will own the minerals underlying the respective tracts of land owned by them. That judgment was entered October 14, 1938. On November 1st, Willie filed a motion to set aside the order of submission and to file an amended answer and cross-petition. On January 20, 1939, he dismissed that motion.

On February 6, 1939, Willie instituted this action against Alex to obtain a new trial and to have the aforementioned judgment set aside. He alleged that the wells on which the Inland Company was paying royal-

ties were located on a tract of land conveyed to him by his parents in 1918; that on the same date those parties conveyed a smaller tract of land to his brother, Alex (the mineral rights were retained by the parents in both instances); that, in order to equalize Alex's share, T. B. Whitaker purchased from his wife a tract of land which was in turn conveyed to Alex; that Alex withheld from record the deed to the latter tract until some time in 1929, at which time the parents made a deed to the property in lieu of the one which was lost or cancelled; that subsequent to 1918 the parents executed an oil and gas lease which later came into the hands of the Inland Company; that both T. B. and Cynthia Whitaker are now dead; that Alex set up claim to one-half of the Inland royalties and that the court adjudged him the owner of such interests; that the parents executed a lease to the Kentucky-West Virginia Gas Company on the Cynthia Whitaker tract and that the royalties, amounting to $300 a year, are now being collected by Alex under that lease; that( if Alex is entitled to participate in the Inland royalties, he is entitled to participate in the Kentucky-West Virginia royalties; that the Cynthia Whitaker tract was conveyed to Alex at the time the division of the property was made in 1918; that at the time of the first trial he had been informed that such a deed had been made to Alex but that he was unable to establish said fact and that he did not know until after judgment was rendered that he could establish it; that Alex wrongfully and fraudulently withheld his deed from record until 1929; that he has learned from persons who were present and saw the deed signed, acknowledged and delivered, that it was in fact made to equalize the division of the property between himself and Alex; and that he exercised diligence in his efforts to discover said evidence before the first trial and that he was unable to do so.

Following the filing of a general demurrer and answer by Alex it was stipulated by the parties that the deed to the Cynthia Whitaker tract, alleged to have been wrongfully and fraudulently withheld from record by Alex, was placed of record in September, 1918, and that it was properly indexed in the cross index to deeds which appears in the office of the Magoffin county court clerk. Willie Whitaker stated in his deposition that, when the division of the property was made, two deeds

were delivered to Alex, and that the deed to the Cynthia Whitaker tract was made in order to equalize the share of Alex. He stated further that he knew nothing of the arrangement under which Alex said he purchased the property from his parents for $500, and that he had searched the records and had been unable to find the earlier date. Upon submission of the case judgment was entered setting aside that part of the first judgment holding that Alex and Willie were the joint owners of the Inland gas royalties. In appealing from that ruling Alex contends that Willie brought forward no new evidence which would warrant the granting of a new trial to him.

The question is, should the trial court have granted Willie Whitaker a new trial under the aforementioned circumstances? Sections 340, 344, of the Civil Code of Practice. The record shows that Willie knew of the giving of the two deeds to his brother, Alex, in 1918, though he did allege that he could find no recordation of the deed to the Cynthia Whitaker tract until 1929. The stipulation shows, however, that that deed was properly recorded in 1918. This was notice to everyone of the existence of the deed. Unquestionably, Willie knew of the circumstances upon which he based his claim to the royalties from the Inland Company, or one-half of the royalties from the Inland and the Kentucky-West Virginia companies, before the entry of the first judgment. It appears to us that he could have testified as well before the entry of that judgment as he did thereafter that he was present and saw the two deeds delivered to Alex, in 1918. We find no basis for the claim that the evidence as to the aforementioned happening could not have been discovered by the exercise of reasonable diligence and produced at the first trial. In the case of Benge's Adm'r v. Marcum, 194 Ky. 121, 238 S. W. 174, it was pointed out that, where evidence is known before the first trial, there is no basis for the granting of a new trial on the ground of newly discovered evidence. This ruling is applicable to the case at bar. See, also, Cisco v. Gross, 281 Ky. 325, 136 S. W. (2d) 46. Under the circumstances, we think the trial court erred in granting Willie a new trial.

Wherefore, the judgment is reversed, with directions to set it aside and to enter a judgment in conformity with this opinion.